IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINEX TECHNOLOGIES, INC., | No. C 13-159 CW |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | FOR LEAVE TO AMEND INFRINGEMENT |
| HEWLETT-PACKARD COMPANY; APPLE COMPUTER, INC.; ARUBA NETWORKS, INC.; MERU NETWORKS; and RUCKUS WIRELESS, | CONTENTIONS (Docket No. 198) AND DENYING DEFENDANTS' CROSS-MOTION TO STRIKE |
| Defendants. | (Docket No. 203) |

_____/

AND ALL RELATED CLAIMS AND
COUNTER-CLAIMS
_____/

Plaintiff Linex Technologies, Inc. moves for leave to amend its infringement contentions against Defendants Hewlett-Packard Company (HP); Apple Computer, Inc.; Aruba Networks, Inc.; Meru Networks; and Ruckus Wireless. Docket No. 198. Defendants oppose the motion and cross-move to strike Linex's infringement contentions. Docket No. 203. Having considered the papers submitted by the parties, the Court GRANTS Linex's Motion to Amend and DENIES Defendants' Cross-Motion to Strike.

BACKGROUND

Linex owns United States Patent Nos. 6,757,322 (the '322 patent), RE42,219 (the '219 patent), and RE43,812 (the '812 patent). In May 2011 Linex filed this patent infringement suit, contending that third-party Wi-Fi chipsets contained in

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Defendants' products infringe one or more claims.  Docket No. 1.
On August 2, 2013, Linex filed a motion to amend its infringement
contentions.  Docket No. 198.  On August 16, 2013, Defendants
filed a cross-motion to strike Linex's infringement contentions on
the basis that they are deficient and unclear, and therefore fail
to offer reasonable notice of Linex's infringement theory, as
required by Patent L.R. 3-1.

LEGAL STANDARDS

A party may amend its infringement contentions upon a showing
of good cause and by order of the Court.  Patent L.R. 3-6.
Examples of good cause include

> (a) a claim construction by the Court different from
> that proposed by the party seeking amendment; (b) recent
> discovery of material, prior art despite earlier
> diligent search; and (c) recent discovery of nonpublic
> information about the Accused Instrumentality which was
> not discovered, despite diligent efforts, before the
> service of the Infringement Contentions.

Patent L.R. 3-6.  Patent L.R. 3-6 "serves to balance the parties'
rights to develop new information in discovery along with the need
for certainty in legal theories at the start of the case."  Apple,
Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 5632618, at *2 (N.D.
Cal.) (citing O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.,
467 F.3d 1355, 1366 (Fed. Cir. 2006)).

The good cause inquiry considers first whether "the party
seeking leave to amend acted with diligence in promptly moving to
amend when new evidence [was] released."  O2 Micro, 467 F.3d at

United States District Court
For the Northern District of California

1363.  "In considering the party's diligence, the critical

question is whether the party 'could have discovered [the new

information] earlier had it acted with the requisite diligence.'"

Apple, 2012 WL 5632618, at *6 (citing Google, Inc. v. Netlist,

2010 WL 1838693, at *2 (N.D. Cal.)).  The burden is on the moving

party to show diligence.  Id.  If the court finds that the moving

party was not diligent in amending its infringement contentions,

it does not need to consider the question of prejudice to the non-

moving party.  See 02 Micro, 467 F.3d at 1368 (affirming the

district court's decision refusing leave to amend upon finding the

moving party was not diligent, without considering the question of

prejudice to the non-moving party).  However, even if the movant

was arguably not diligent, the court retains discretion to grant

leave to amend.  Apple, 2012 WL 5632618, at *6 (granting leave to

amend infringement contentions, even though court found plaintiff

failed to establish diligence, because of lack of prejudice to

defendant).

                         DISCUSSION

I.   Linex's Motion to Amend

     Linex filed its initial infringement contentions on May 15,

2013.  At that time, Linex asserts, it had not yet been given the

third-party chip suppliers' source code for inspection.

Subsequently, on May 31, 2013, Marvell permitted Linex's expert to

examine Marvell's source code.  Linex accordingly incorporated

analyses of the Marvell source code and served its first amended

infringement contentions on July 2, 2013.  Similarly, on June 11 and 12, 2013, Qualcomm-Atheros allowed Linex's expert to examine Qualcomm-Atheros' source code.  Linex then amended its contentions to incorporate analyses of the Qualcomm-Atheros source code.  Linex served these second amended contentions on July 17, 2013.

Linex has shown diligence sufficient to meet the good cause standard.  Courts typically grant leave to amend infringement contentions after a patentee has been given the opportunity to inspect relevant source code.  See, e.g., Big Baboon Corp. v. Dell, Inc., 723 F. Supp. 2d 1224, 1228 (C.D. Cal. 2010).  Here, the record demonstrates that Linex amended its infringement contentions as it gained access to the relevant evidence from Defendants.  As third-party chip suppliers provided Linex with access to documents and source code, Linex promptly amended its contentions to include citations to that third-party evidence.

Defendants also will not be prejudiced by Linex's proposed changes.  This case remains in its early stage.  Trial is not set until July 28, 2014.  Defendants have sufficient time to review Linex's amended infringement contentions.  As Linex notes, its proposed amendments to its infringement contentions do not add new patent claims or new products.  See Apple, 2012 WL 5632618, at *3 (noting that proposed amendment did not add new claims or theories of infringement); see also Yodlee, Inc. v. CashEdge, Inc., 2007 WL 1454259 (N.D. Cal.), at *3 (finding no prejudice in permitting

amended infringement contentions where there was still "ample time" to conduct discovery).

II. Defendants' Motion to Strike

A.    "Separating" Limitation

Linex offers two theories of infringement regarding the "separating" limitation.  Defendants initially contend that Linex's first theory is deficient because Linex does not identify specifically the codes, signals and data symbols present in the accused products.  Linex explains that the accused products detect the HT-LTFs and P code portion of the signals and use the circuitry of FFT and channel estimator blocks to do the "separating."  Linex identifies the OFDM packets as the different signals, which contain HT-LTFs and P codes, as well as payload data.  Linex's specifications as to its first theory of infringement are sufficient enough to comply with L.R. 3-1.

Linex's second theory of infringement regarding the "separating" limitation contends that the accused products use HT-LTfs, P code, and pilot portions of the signal to separate the signals and use the circuitry of the FFT and MIMO equalizer to do the "separating."  Defendants argue that Linex's second theory of infringement is deficient because it does not adequately specify the meaning of the terms.  Linex has again adequately specified the components necessary to comply with L.R. 3-1.  Linex has explained that the claimed "said different signals" are the entire

OFDM packets; the codes are HT-LTFs, P codes and pilots; and the circuitry is the MIMO equalizer and the RTL source code.

B. Combining Limitation

Linex offers two theories contending that the accused products meet the "combining" limitation.  First, during MIMO equalization, the payload data portions received on different receiving antennas are combined.  Second, during MIMO equalization, the HT-LTF and P code preamble portions of the signals received on different receiving antennas are combined. Defendants argue that Linex's two theories of combining are deficient.

Contrary to Defendants' charge of vagueness, Linex has identified each of the components of the claim.  Linex has detailed how MIMO equalization performs the "combining" limitation and has identified each component of the claim.  Linex has "forthrightly set forth the specifics of its infringement contentions." Infineon Techs. v. Volterra Semiconductor, 2013 WL 322570 (N.D. Cal.), at *4.

C. "Multiplexer" Limitation

Claims 97 and 101 in the '812 patent contain the limitation of "a multiplexer for multiplexing data derived from said plural streams of data symbols to form a single stream of data corresponding to the data from said single source data." Defendants assert that Linex has not explained how the accused circuitry implicates the claim language.

United States District Court
For the Northern District of California

Linex's contentions comply with Patent L.R. 3-1.  Linex has identified the stream deparser and spatial combiner as the multiplexer.  Further, cases cited generally by Defendants do not apply here.  For instance, in Diagnostic Sys. Corp. v. Symantec Corp., 2009 WL 1607717, at * 4-5 (C.D. Cal.) the court denied the patentee's motion to amend on the basis that the infringement contentions failed to identify how the source code of the accused products infringed the claims.  Here, Linex's contentions cite the specific modules in the source code, and these modules demonstrate that the multiplexer may infringe the claims.

D. Doctrine of Equivalents

Defendants argue that Linex's claims fail to comply with Patent L.R. 3-1(e), which requires Linex to state "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality."  L.R. 3-1(e).  "[J]udges of this court have rejected plaintiffs' attempts to assert claims under the doctrine of equivalents with blanket statements."  OptimumPath, LLC v. Belkin Intern., Inc., 2011 WL 1399257 *8 (N.D. Cal.).  Here, Linex does not offer merely boilerplate language asserting the doctrine of equivalents.  Linex's contentions are sufficient to comply with L.R. 3-1(e).

CONCLUSION

For the reasons set forth above, this Court GRANTS Linex's Motion to Amend and DENIES Defendants' Motion to Strike.

7

This order terminates Docket Nos. 198 and 203.

IT IS SO ORDERED.


Dated: 11/5/2013

CLAUDIA WILKEN
United States District Judge