1      IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  LINEX TECHNOLOGIES, INC.,                    No. C 13-00159 CW

5          Plaintiff,                           ORDER ADDRESSING
                                                MOTIONS TO SEAL
6      v.                                       (Docket Nos. 197,
                                                201, and 208)
7  HEWLETT-PACKARD, et al.,

8          Defendants,

9  _____/

10 AND ALL RELATED CLAIMS,
   COUNTERCLAIMS AND THIRD-PARTY
11 CLAIMS

12 _____/

13      The Court addresses the pending motions to seal in the above

14 captioned cases as follows:

15 I.   Docket Nos. 197 and 208:

16      Plaintiff Linex Technologies, Inc. has moved to file under

17 seal Exhibits 11-15, 17-21, 23-26, 28-31, 33-41, 43-47, 49-52, 54-

18

19 57, and 59-67 attached to the Declaration of Robert McCauley in

20 support of its motion for leave to amend infringement contentions.

21 Docket No. 197.  Linex states that these exhibits contain

22 information designated by Defendants as confidential business

23 information pursuant to a protective order.  Linex also moved to

24 seal Exhibit 70 attached to the Declaration of Robert M. McCauley

25 in support of its reply in support of its motion to amend

26 infringement contentions and opposition to Defendants' motion to

27 strike its motion to amend infringement contentions.  Docket No.

28

208. Linex again states that Exhibit 70 contains information

designated by Defendants as confidential business information

pursuant to a protective order.

Because the public interest favors filing all court documents

in the public record, any party seeking to file a document under

seal must demonstrate good cause to do so. This cannot be

established simply by showing that the document is subject to a

protective order, but rather must be supported by a sworn

declaration demonstrating with particularity the need to file each

document under seal. See Local Rule 79-5(a). If a party wishes

to file a document that has been designated as confidential by

another party or to refer to such information in a memorandum or

other filing, it is required to file and serve an administrative

motion seeking a sealing order. See Local Rule 79-5(d). The

designating party then must file a declaration establishing that

the document is sealable within four days thereafter. See Local

Rule 79-5(e).

Defendants have not filed a declaration in support of the

motion to seal as required by Civil Local Rule 79-5(e).

Accordingly, the Court DENIES Linex's motions to seal (Docket Nos.

197, 208). Within four days of the date of this order, Linex

shall file these exhibits to the declaration in the public record.

II. Docket No. 201

Apple moves on behalf of all Defendants and Intervenors to

file under seal Exhibits 1 and 6 attached to the Declaration of

Mark Scarsi.  Docket No. 201.  Apple submitted a declaration in

support of its motion to seal.  Docket No. 201.  In its

declaration in support of the motion to seal, Apple represents

that Exhibits 1 and 6 contain proprietary information of

Defendants and third-party suppliers, and such material has been

designated as confidential business information.  Scarsi Dec.,

Docket No. 201.  Because these exhibits contain proprietary

information regarding Defendants' technology, Apple's motion to

seal is GRANTED (Docket No. 201).


    IT IS SO ORDERED.


Dated: 11/21/2013

CLAUDIA WILKEN
United States District Judge

3