IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINEX TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>HEWLETT-PACKARD, et al.,<br><br>    Defendants,<br>_____/<br>AND ALL RELATED CLAIMS,<br>COUNTERCLAIMS AND THIRD-PARTY<br>CLAIMS<br>_____/ | No. C 13-00159 CW<br><br>ORDER GRANTING DEFENDANT HEWLETT-PACKARD'S MOTION TO STAY AND FOR LEAVE TO FILE A DECLARATION IN SUPPORT OF MOTION TO SEAL (Docket No. 257) AND ADDRESSING MOTION TO SEAL (Docket No. 197) |

    On August 2, 2013, Plaintiff Linex Technologies, Inc. filed an administrative motion to file under seal Exhibits 11-15, 17-21, 23-26, 28-31, 33-41, 43-47, 49-52, 54-57, and 59-67 attached to the Declaration of Robert McCauley in support of its motion for leave to amend infringement contentions. Docket No. 197. Linex stated that these exhibits contained information designated by Defendants and third-party chip suppliers Marvell and Qualcomm-Atheros as confidential business information pursuant to a protective order.

On November 21, 2013, the Court entered an order which, among other things, denied Plaintiff's motion to seal because no party filed a declaration in support of the motion as required by Civil Local Rule 79-5(e).[1] The Court directed Plaintiff to file the exhibits to the declarations in the public record within four days of the date of the order. On November 25, 2013, Third Parties Marvell Semiconductor, Inc. (Marvell) and Qualcomm Atheros, Inc. (Qualcomm) and Defendant Hewlett-Packard filed unopposed administrative motions to stay the Court's November 21, 2013 order and for leave to file a declaration in support of Plaintiff's motion to seal. Docket Nos. 255, 257. On December 4, 2013, the Court granted Third Parties Marvells' and Qualcomm's motion to stay and for leave to file their declarations. Docket No. 260. The Court now GRANTS Defendant Hewlett-Packard's motion to stay and for leave to file its declarations. Docket No. 257.

In addition, the Court now revisits the motion to seal, taking into account the additional declarations filed in support thereof and the order on the substantive motions to which the motions to seal relate. The Court finds that it did not rely on the documents that are the subject of the motion to seal when it granted Plaintiff's motion for leave to amend its infringement contents and denied Defendants' cross-motion to strike.

---

[1] The Court's November 21, 2013 order also addressed two other motions to seal. The Court's orders with respect to those motions are not at issue, and the Court's November 21, 2013 order remains in effect as to those motions (Docket Nos. 201 & 208).

Accordingly, the motion to seal is DENIED as moot. Docket No. 197. Plaintiff need not file the documents discussed in that motion in the public record.

IT IS SO ORDERED.

Dated: 12/10/2013

CLAUDIA WILKEN
United States District Judge