IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINEX TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY, APPLE COMPUTER INC., ARUBA NETWORKS, INC., MERU NETWORKS, INC., RUCKUS WIRELESS, INC.,<br><br>    Defendants.<br>_____/ | No. C 13-159 CW<br><br>ORDER ON PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE CERTAIN OF PLAINTIFF'S ASSERTED PATENT CLAIMS AND DEFENDANTS' RELATED COUNTERCLAIMS<br><br>(Re: Docket No. 299) |

On February 4, 2014, Plaintiff Linex Technologies, Inc. moved to dismiss with prejudice some of its asserted claims against Defendants Hewlett-Packard Company (HP), Apple Computer Inc., Aruba Networks, Inc., Meru Networks, Inc., and Ruckus Wireless, Inc., as well as Defendants' corresponding counterclaims for declaratory judgment of non-infringement of the same claims. Since the motion was filed, Linex, HP, and Apple filed a stipulated motion whereby Linex agreed to dismiss with prejudice the same asserted claims implicated by Linex's motion to dismiss[1] against all Defendants, and HP and Apple agreed to dismiss without prejudice their corresponding counterclaims. Docket No. 309. The

---

[1] The asserted claims at issue in both Linex's motion to dismiss and the stipulation are claims 9 and 10 of U.S. Patent No. 6,757,322 (the '322 patent), claims 107, 119, 120, 133, 144, and 145 of RE 42,219 (the '219 patent), and claim 106 of the RE 43,812 (the '812 patent) (collectively, the dismissed claims). See Docket No. 309 at 2.

Court granted the stipulation, resolving the bulk of Linex's motion to dismiss.  Docket No. 311.  Aruba and Meru did not agree to the stipulation,[2] and so the status of their counterclaims remains to be decided.  On April 3, 2014, the parties appeared for a hearing.  Having considered the papers and the arguments of counsel, the Court GRANTS Linex's motion to dismiss without prejudice Aruba and Meru's counterclaims regarding the dismissed claims.

Linex asserts that now that the Court has dismissed with prejudice Linex's assertion of the dismissed claims, this Court lacks subject matter jurisdiction over Aruba and Meru's counterclaims for declaratory judgment of non-infringement of those same claims.  To entertain a declaratory judgment action under 28 U.S.C. § 2201(a), a court must find that there is an actual controversy, or "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).  This requirement remains constant at all stages of review, not merely at the time the complaint was filed.  Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1345 (Fed. Cir. 2007) (citing Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974)).  It is the burden of the party "claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since."  Id.

---

[2] Ruckus currently does not assert any counterclaims against Linex.  See Docket No. 89.

2

1    Aruba and Meru contend that an actual case or controversy
2 exists because Linex charged them with infringement of certain
3 claims of the '322, '219, and '812 patents.  Indeed, Linex's
4 infringement allegations were the basis for subject matter
5 jurisdiction in Aruba and Meru's respective counterclaim
6 complaints.  See Docket Nos. 90, 93.  Since then, however, the
7 Court dismissed with prejudice the dismissed claims as asserted
8 against all of Defendants' accused products listed in Linex's
9 Eighth Amended Infringement Contentions, which means Linex cannot
10 reassert those claims against Defendants' accused products in any
11 later proceeding.  See Nystrom v. Trex Co., Inc., 580 F.3d 1281,
12 1284-85 (Fed. Cir. 2009).  The substantial and immediate
13 controversy identified by Aruba and Meru's counterclaims regarding
14 the dismissed claims now no longer exists.

15    Aruba and Meru point out that their customers could face
16 charges of infringement of the dismissed claims even if Aruba and
17 Meru themselves can not.  This argument fails in light of Linex's
18 covenant not to sue included in the stipulation dismissing claims,
19 which the Court approved after Aruba and Meru filed their
20 opposition.  In the stipulation, Linex promised not to sue
21 Defendants or any of Defendants' customers based on the dismissed
22 claims and products currently in this case, which use the 802.11n
23 MIMO functionality.  Docket No. 809.  This sufficiently assures
24 that Linex will not be able to revive its infringement allegations
25 against any Defendant or any Defendant's customer based on the
26 dismissed claims and products asserted in this case.

27    Aruba and Meru take issue with Linex's reservation of rights
28 accompanying its covenant not to sue, which states:

3

> Linex asserts that it reserves the right to assert the Dismissed Claims against Defendants and their customers for infringement of products other than the accused 802.11n MIMO products included in Linex's Eighth Amended Infringement Contentions. For example, Linex asserts it reserves the right to assert the Dismissed Claims against the Defendants and their customers based upon products that use LTE technology.

Aruba and Meru argue that Linex may not reserve legal rights to assert infringement of the dismissed claims against the accused products.

The language of Linex's reservation of rights is more confusing than necessary. The parties have each interpreted this language differently. Linex does not want to give up its right to sue any Defendant or Defendant's customer based on the LTE functionality, or any other unknown functionality. Aruba and Meru are concerned that they or their customers will again face infringement charges under the patent based on the same 802.11n MIMO functionality asserted in this case. These interests are reconcilable, as evidenced by the agreement reached at the hearing. Linex made the following covenant not to sue: "Linex covenants not to sue Defendants and Defendants' customers based on products using the 802.11n MIMO functionality, including the accused products." Aruba and Meru agreed that this covenant not to sue would be adequate. Based on the parties' agreement at the hearing, the Court DISMISSES Aruba and Meru's infringement counterclaims regarding the dismissed claims without prejudice.

IT IS SO ORDERED.

Dated:  4/16/2014

CLAUDIA WILKEN
United States District Judge

4