IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINEX TECHNOLOGIES, INC., | No. C 13-159 CW |
| Plaintiff, | ORDER ON ADMINISTRATIVE MOTIONS TO SEAL |
| v. | |
| HEWLETT-PACKARD COMPANY, APPLE COMPUTER INC., ARUBA NETWORKS, INC., MERU NETWORKS, INC., RUCKUS WIRELESS, INC., | (Docket Nos. 273, 283, 330) |
| Defendants. | |

Before the Court are three administrative motions to seal. Because they seek to seal documents submitted in conjunction with claim construction and summary judgment, the parties must establish "compelling reasons" outweighing the strong presumption in favor of public disclosure. <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006). For ease of reference, the Court refers to these motions by docket number.

A.   Docket No. 273

Linex seeks to seal portions of its Opposition to Motion for Summary Judgment and Claim Construction Reply Brief, as well as the accompanying Supplemental Prucnal Declaration discussing Defendants' accused wifi devices. As the designating parties, Defendants are responsible for supporting the motion with a declaration establishing that the material is sealable. Civ. L.R. 79-5(e).

Defendants state only that the information is "confidential, technical information regarding Defendants' products" and that "public disclosure of this information would be harmful." Docket No. 277. But the portions sought to be redacted discuss Defendants' accused devices at a high level. Further, the functionality discussed is covered by the IEEE 802.11(n) standard, which is published in the public domain. The motion also is not narrowly tailored to cover only sealable information; for example, the fact that the standard uses P codes and pilot codes is plainly not sealable. The arguments made distinguishing prior art references (which are by definition public) are also not sealable. Accordingly, this motion is DENIED.

B.  Docket No. 283

Defendants seek to seal portions of their Reply in Support of Motion for Summary Judgment and the accompanying Exhibit 30, the deposition transcript of Donald L. Schilling. In support, Defendants filed a declaration asserting conclusorily that these documents discuss "confidential, technical information regarding Defendants' products." Docket No. 283-1. The deposition transcript discusses many subjects and the request to seal is not narrowly tailored to redact only confidential information. In any event, what is sought to be sealed in both the deposition transcript and Reply Brief is broad descriptions of the basic functionality of the IEEE 802.11(n) standard and thus not sealable. Defendants even seek to seal excerpts from the patents-in-suit, which Defendants cannot in good faith assert are sealable. See, e.g., e.g., Defendant's Reply Brief at 15. This motion is therefore DENIED.

2

C.   Docket No. 330

   Defendants seek to seal the Corrected Declaration of Dr. Anthony Acampora.  Because this declaration was filed improperly, after the matter was already submitted, the Court did not consider it.  The motion is therefore DENIED AS MOOT.

   The parties shall file unredacted versions of the documents referenced in Docket Nos. 273 and 283 in the public record within seven days.

   IT IS SO ORDERED.

Dated: 6/4/2014

CLAUDIA WILKEN
United States District Judge