1  Robert F. McCauley (SBN 162056)
   Robert.mccauley@finnegan.com
2  FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
3  Stanford Research Park
   3300 Hillview Avenue
4  Palo Alto, CA 94304-1203
   Telephone:  (650) 849-6600
5  Facsimile:  (650) 849-6666

6  Vincent P. Kovalick (*Pro Hac Vice*)
   Vincent.kovalick@finnegan.com
7  Barry W. Graham (*Pro Hac Vice*)
   Barry.graham@finnegan.com
8  Richard H. Smith (*Pro Hac Vice*)
   Richard.smith@finnegan.com
9  Troy E. Grabow (*Pro Hac Vice*)
   Troy.grabow@finnegan.com
10 Laura P. Masurovsky (*Pro Hac Vice*)
   Laura.masurovsky@finengan.com
11 Rajeev Gupta (*Pro Hac Vice*)
   Rajeev.gupta@finnegan.com
12 Kenie Ho (*Pro Hac Vice*)
   Kenie.ho@finnegan.com
13 Cecilia Sanabria (*Pro Hac Vice*)
   Cecilia.sanabria@finnegan.com
14 Jia Lu (*Pro Hac Vice*)
   Jia.lu@finnegan.com
15 Robert D. Wells (*Pro Hac Vice*)
   Robert.wells@finnegan.com
16 FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
17 901 New York Avenue, N.W.
   Washington, D.C. 20001-4413
18 Telephone:  (202) 408-4000
   Facsimile:  (202) 408-4400
19
   *Attorneys for Linex Technologies, Inc.*

20

UNITED STATES DISTRICT COURT
21              NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION
22

| | |
|---|---|
| LINEX TECHNOLOGIES, INC., | CASE NO. 4:13-cv-00159-CW (MEJ) |
| Plaintiff, | |
| v. | PLAINTIFF LINEX TECHNOLOGIES, INC.'S OBJECTIONS TO APPLE COMPUTER INC.'S BILL OF COSTS |
| HEWLETT-PACKARD COMPANY, APPLE COMPUTER INC., ARUBA NETWORKS, INC., MERU NETWORKS, INC., RUCKUS WIRELESS, INC., | REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED |
| Defendants. | |

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................1

II.    THE COURT SHOULD DEFER CONSIDERATION OF APPLE'S COSTS..................1

III.   THE COURT SHOULD DENY ALL COSTS BECAUSE APPLE GROSSLY INFLATED ITS BILL OF COSTS AND FAILED TO ALLOCATE ITS SUCCESS RATE AS PROPOSED IN ITS MOTION FOR FEES .......................................................3

IV.    APPLE'S BILL OF COSTS MUST BE REDUCED BY NONTAXABLE AND UNNECESSARY COSTS AND ADJUSTED FOR A FAIR ALLOCATION .................4

     A.     Apple Seeks Nontaxable Costs ..........................................................................5

     B.     If Any Costs Are Allowed, They Must Be Allocated in Accordance with a 53% Share That Apple Proposes in Its Fees Motion or an 11% Share That Linex Proposes Here .............................................................................................6

     C.     Apple Cannot Recover Documents Produced or Deposition Transcripts Costs Incurred in the ITC Investigation ......................................................................7

V.     LINEX'S DETAILED OBJECTIONS TO THE COSTS APPLE SEEKS .........................8

     A.     Apple's Request for Costs for Transcripts Under 28 U.S.C. § 1920(2) Should Be Disallowed or Reduced...............................................................................10

          1.   Apple Cannot Recover Deposition Costs that Were Not "Necessarily Incurred": Apple's Schedule A and Exhibit 1 (N.D. Cal. Deposition Transcripts) ...............................................................................11

          2.   Apple Cannot Recover Nontaxable Deposition Transcript Costs: Apple's Schedule F and Exhibit 6 (N.D. Cal. Deposition Transcripts).....12

          3.   Apple Cannot Recover Deposition Transcript Costs Incurred in the ITC Case: Apple's Schedule I and Exhibit 9 (ITC Deposition Transcripts) ...............................................................................13

     B.     Database Hosting and Similar Document Collection and Processing Costs Under 28 U.S.C. § 1920(4) Must Be Disallowed and Any Allowed Costs Allocated 33% for Apple's Unnecessary Reproduction of ITC Documents and Apportioned by Apple's Success Rate.....................................................................15

          1.   Hosting, Storage and License Fees Are Not Taxable ................................15

          2.   Searching, Custom Work, Database Management Costs Are Not Taxable...................................................................................................16

          3.   Preproduction Processing Costs Are Not Taxable....................................16

          4.   Shipping/FedEx/Rush Costs Are Not Taxable .........................................16

          5.   Apple's Costs Must be Reduced by the Number of Pages Unnecessarily Produced.............................................................................17

6.  Apple's Costs for Database Storage License Fees, Preproduction Processing and Similar Charges Are Not Taxable: Apple's Schedule D and Exhibit 4 (N.D. Cal. Document Production)......................................18

7.  Apple's Costs for Database Storage License Fees, Preproduction Processing and Similar Charges Are Not Taxable: Apple's Schedule G and Exhibit 7 (N.D. Cal. Document Production)......................................19

8.  The ITC Document Production Costs in Schedule H and Apple's Exhibit 8 Are Not Taxable in This Case....................................................21

C.  Apple Cannot Recover Trial Graphics Costs That Were Not Necessarily Incurred: Apple's Schedule C and Exhibit 3 ........................................23

D.  Apple's Cost for Service of a Summons and Subpoena Under 28 U.S.C. § 1920(1) on Linex's Former Counsel Was Not Necessarily Incurred .................25

VI.  CONCLUSION..........................................................................................25

## TABLE OF AUTHORITIES

**Federal Cases**

*Alzheimer's Inst. of Am. Inc. v. Elan Corp. PLC*,
  No. C -10-00482-EDL, 2013 U.S. Dist. LEXIS 31952 (N.D. Cal. Jan. 31, 2013) ............... *passim*

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996) ................................................................................................3

*Ancora Techs., Inc. v. Apple, Inc.*,
  No. 11-CV-06357 YGR, 2013 WL 4532927 (N.D. Cal. Aug. 26, 2013) ............................. *passim*

*CBT Flint Partners, LLC v. Return Path, Inc.*,
  737 F.3d 1320 (Fed. Cir. 2013).........................................................................................5, 17

*City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*,
  Nos. C 08-4575 SI, C 09-1437 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ................ *passim*

*Competitive Techs. v. Fujitsu Ltd.*,
  No. C–02–1673 JCS, 2006 WL 6338914 (N.D. Cal Aug. 23, 2006) .....................................21, 22

*Computer Cache Coherency Corp. v. Intel Corp.*,
  No. C-05-01766 RMW, 2009 WL 5114002 (N.D. Cal. Dec. 18, 2009)................................. *passim*

*Crawford Fitting Co. v. J.T. Gibbons Inc.*,
  482 U.S. 437 (1987)............................................................................................................5, 15

*eBay Inc. v. Kelora Sys., LLC*,
  Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CS (LB), 2013 WL
  1402736 (N.D. Cal. Apr. 5, 2013) ..................................................................................... *passim*

*Farmer v. Arabian Am. Oil Co.*,
  379 U.S. 227 (1964)................................................................................................................4

*Jansen v. Packaging Corp. of Am.*,
  898 F. Supp. 625 (N.D. Ill. 1995) ..........................................................................................4

*Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*,
  No. C 96–2494 CW, 2012 WL 6045246 (N.D. Cal. Dec. 5, 2012)...........................................25

*KiSKA Const. Corp.-USA v. Wash. Metro. Area Transit Auth.*,
  No. 97-2677, 2002 WL 393082 (D.D.C. Mar. 11, 2002) .........................................................3

*Kwan Software Eng'g v. Foray Techs., LLC*,
  No. C 12–03762 SI, 2014 WL 1860298 (N.D. Cal. May 8, 2014)............................................17

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)................................................................................................................2

*Lasic v. Moreno,*
   No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655 (E.D. Cal. Nov. 21, 2007) ........................2, 3

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.,*
   726 F.3d 1359 (Fed. Cir. 2013)..................................................................................................8

*Monolithic Power Sys., Inc. v. O2 Micro Int'l., Ltd.,*
   No. 4:08-cv-04567 CW, 2011 U.S. Dist. LEXIS 154454 (N.D. Cal. Mar. 3, 2011).............7, 8, 24

*Oracle Am., Inc. v. Google Inc.,*
   No. C 10-03561 WHA, 2012 WL 3822129 (N.D. Cal. Sept. 4, 2012)................................. *passim*

*Plantronics, Inc. v. Aliph, Inc.,*
   No. C 09-01714 WHA (LB), 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) ....................... *passim*

*In re Ricoh Co., Ltd. Patent Litig.,*
   661 F.3d 1361 (Fed. Cir. 2011).......................................................................................4, 16, 17

*Rock Creek Ltd. P'ship v. State Water Res. Control Bd.,*
   972 F.2d 274 (9th Cir. 1992) ..........................................................................................7, 21

*Romero v. City of Pomona,*
   883 F.2d 1418 (9th Cir. 1989) ............................................................................................. *passim*

*Shum v. Intel Corp.,*
   682 F. Supp. 2d 992 (N.D. Cal. 2009) .......................................................................................25

*Taniguchi v. Kan Pac. Saipan, Ltd.,*
   132 S. Ct. 1997 (2012)........................................................................................................... *passim*

*Zimmerman v. R & S Trucking,*
   No. 4:05-cv-0031-DFH-WGH, 2006 WL 3360537 (S.D. Ind. Nov. 16, 2006)..............................2

*Zuill v. Shanahan,*
   80 F.3d 1366 (9th Cir. 1996) .....................................................................................15, 16, 24

**Federal Statutes**

17 U.S.C. § 505.............................................................................................................................4

28 U.S.C. § 1920................................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 54 .....................................................................................................................1, 2

Civ. L.R. 54.......................................................................................................................1, 12, 24, 25

1    Pursuant to Fed. R. Civ. P. 54 and Civ. L.R. 54-2, Plaintiff Linex Technologies, Inc.

2    ("Linex") objects to Apple Computer Inc.'s ("Apple") Bill of Costs (Dkt. No. 342-3)[1] for the reasons

3    set forth below and in the attached Declaration of Cecilia Sanabria, dated July 8, 2014 ("Sanabria

4    Decl.") and corresponding exhibits, all of which are incorporated herein by reference. On June 24,

5    2014, the parties met and conferred in an attempt to come to a resolution of Linex's objections, but

6    no resolution was reached.

7    **I.      INTRODUCTION**

8        Apple's request for costs is premature. Apple and Linex have both appealed the Court's

9    claim construction and summary judgment rulings. Dkt. Nos. 365 and 373. Whether or not Apple is

10   a prevailing party, and the degree of its success, if any, remains an open question. Sifting through

11   the reams of material Apple submitted to determine which costs are taxable and how they should be

12   apportioned is a needless exercise at this juncture. The Court should postpone its review of Apple's

13   purported costs until the appeals are decided. If the Court does not defer consideration of Apple's

14   request for costs, it should deny all costs because Apple has grossly inflated its Bill of Costs with

15   plainly nontaxable and non-apportioned costs.

16   **II.     THE COURT SHOULD DEFER CONSIDERATION OF APPLE'S COSTS**

17       In the interests of justice and judicial economy, Linex respectfully requests that this Court

18   defer a review and accounting of the voluminous invoices and disputed costs Apple seeks pending

---

[1]    On July 7, 2014, Apple filed a Supplemental Declaration of Elizabeth Reilly, in support of Apple's Bill of Costs (Suppl. Reilly Decl. filed under seal; Dkt. No. 380-3 redacted copy) that, while offering additional invoice detail, does not provide a legal basis for the costs it seeks. For example, the fact that certain reporter fees are not negotiable, e.g. "███████████" fees, (Suppl. Reilly Suppl. Decl. at ¶ 8), does not make the fees taxable under the costs statute. Similarly, Apple's self-serving statement that it does not seek costs for "███████████ relating to trial graphics ( Suppl. Reilly Suppl. Decl. at ¶ 12) is contradicted by its invoices and charts, and moreover, does not demonstrate the costs were reasonable or necessary. Finally, Apple's correlation of invoices with document bates-numbers (Suppl. Reilly Decl. at ¶ 8), does not convert Apple's *nontaxable costs* itemized in those invoices, i.e., searching, database license hosting fees, and pre-production processing fees, into *taxable costs*. As a matter of law, Apple cannot recover these costs under Section 1920 as held in *Ancora* and other cases, and as Apple conceded in the Bill of Costs it filed in *Apple v. Samsung*. *See* No. 5-11-cv-01846-LHK, Krevens Decl., Dec. 5, 2013, Dkt. No. 2853.

1    appeal.  In addition to Apple's alleged costs, there are four other defendants who have likewise

2    submitted inflated, improper and disputed bills of costs.  Dkt. Nos. 339, 340, 341, and 343.

3        "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may

4    defer its ruling on the motion, or may deny the motion without prejudice. . . ."  Fed. R. Civ. P. 54(d)

5    Notes of Advisory Committee to 1993 Amendments.  Both Apple and Linex have appealed this

6    Court's rulings.  Dkt. Nos. 365 and 373.  This Court has broad discretion to defer consideration of

7    costs pending appeal.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting the court's discretion

8    to stay proceedings is incident to its power to control its own docket).  As the parties respective

9    appeals demonstrate, Linex prevailed on certain issues and Apple prevailed on others.  Dkt. No. 333.

10   If the Federal Circuit reverses or remands, further proceedings may render moot Apple's alleged

11   costs.  An award of costs to Apple at this early stage would have to be reversed.  To avoid needless

12   satellite litigation and conserve the Court's and the parties' resources, consideration of Apple's Bill

13   of Costs should be deferred pending resolution of the appeals in this case.

14       Moreover, it is fair to defer this issue in view of the disparity in the parties' size and

15   resources.  Linex is a small company, whereas Apple is a large company with vast resources and an

16   avowed "take no prisoners" litigation policy.  Dkt. No. 376-18 (discussing Apple's scorched-earth

17   patent litigation approach and quoting Apple CEO: "I will spend my last dying breath if I need to,

18   and I will spend every penny of Apple's $40 billion in the bank . . . I'm willing to go thermonuclear

19   war.").  Similarly, HP and the other highly profitable Defendants are much larger companies than

20   Linex.

21       Courts have granted similar requests in other cases.  *Lasic v. Moreno*, No. 2:05-cv-0161-

22   MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) (Deferring taxation of costs,

23   recognizing that "[i]t is within the Court's discretion to proceed or defer the taxation of costs while

24   an appeal on the merits is pending."); *Zimmerman v. R & S Trucking*, No. 4:05-cv-0031-DFH-WGH,

25   2006 WL 3360537, at *2 (S.D. Ind. Nov. 16, 2006) (finding it "prudent" to stay consideration of

26   defendants' bill of costs pending appeal "especially since the bill of costs seeks more than $39,000

27   and includes costs that clearly are not recoverable under 28 U.S.C. § 1920," and granting plaintiff's

28   motion to stay the taxation of costs pending the resolution of the appeal).

1    Resolving costs now "will be a wasteful, academic exercise" if the judgment is overturned or

2    modified on appeal. *KiSKA Const. Corp.-USA v. Wash. Metro. Area Transit Auth.*, No. 97-2677

3    (CKK/JMF), 2002 WL 393082, at *1 (D.D.C. Mar. 11, 2002); *accord Lasic*, 2007 WL 4180655, at

4    *1 ("It would be an inefficient use of judicial resources to rule on the Bill of Costs at this time, and

5    then to later re-evaluate the issue after the appeal is completed."). The reversal of a district court's

6    judgment for the prevailing party also reverses the "underlying judgment and the taxation of costs

7    undertaken pursuant to that judgment . . . ." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996).

8    Because both parties have appealed the Court's rulings in this case, it would be a more efficient use

9    of the judicial process to await resolution of the merits before addressing costs.

10   **III.    THE COURT SHOULD DENY ALL COSTS BECAUSE APPLE GROSSLY
             INFLATED ITS BILL OF COSTS AND FAILED TO ALLOCATE ITS**

11   **         SUCCESS RATE AS PROPOSED IN ITS MOTION FOR FEES**

12   The taxable costs available to a prevailing party are substantially circumscribed by statute

13   and local rules and are intended to be modest in scope. Apple's Bill of Costs violates the letter and

14   spirit of these rules, claiming entire categories with no basis in fact or law and seeking compensation

15   far beyond the amounts permitted.

16   Apple's Bill of Costs for $1,229,436.43 is grossly inflated by ███████ of *database*

17   *hosting fees*, costs that Apple knows full well *are not taxable* in this district. *Ancora Techs., Inc. v.*

18   *Apple, Inc.*, No. 11-CV-06357 YGR, 2013 WL 4532927, at *3-4 (N.D. Cal. Aug. 26, 2013)

19   (rejecting Apple's request for license and hosting costs); *see also Apple v. Samsung*, 5-11-cv-01846-

20   LHK, Krevens Decl., Dec. 5, 2013, Dkt. No. 2853, at ¶¶ 34, 38 (confirming that Apple does not seek

21   "*costs associated with hosting the data, software user license fees and vendor consulting time.*")

22   (emphasis added).

23   In light of this precedent, Apple's effort to claim database hosting and other plainly

24   nontaxable costs, such as searching and processing, in this case is groundless and improper. *Id. See*

25   *also eBay Inc. v. Kelora Sys., LLC*, Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CS

26   (LB), 2013 WL 1402736, at *17 (N.D. Cal. Apr. 5, 2013) ("*the court does not tax hosting fees or*

27   *user charges*") (emphasis added); *Alzheimer's Inst. of Am. Inc. v. Elan Corp. PLC*, No. C -10-00482-

28   EDL, 2013 U.S. Dist. LEXIS 31952, at *16 (N.D. Cal. Jan. 31, 2013) (holding that e-discovery

1   hosting costs are not taxable costs under 28 U.S.C. § 1920) (citing *Taniguchi v. Kan Pac. Saipan,*

2   *Ltd.*, 132 S. Ct. 1997, 2006 (2012)); *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA (LB),

3   2012 WL 6761576, at *10, *16 (N.D. Cal. Oct. 23, 2012) (holding that $200,000 in pre-production

4   for documents were excessive and not taxable, and stating "Decisions in the Northern District . . .

5   disapprove similar processing costs and tax more modest costs associated more directly with the

6   processing of TIFF and PDF files"); *City of Alameda, Cal. v. Nuveen Mun. High Income*

7   *Opportunity Fund*, Nos. C 08-4575 SI, C 09-1437 SI, 2012 WL 177566, at *5 (N.D. Cal. Jan. 23,

8   2012); *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *3 (N.D. Cal.

9   Sept. 4, 2012); *Computer Cache Coherency Corp. v. Intel Corp.*, No. C-05-01766 RMW, 2009 WL

10   5114002, at *4 (N.D. Cal. Dec. 18, 2009).

11         Apple's inflated Bill of Costs is a sufficient ground to deny costs altogether. *eBay*, 2013 WL

12   1402736, at *2, (*citing Jansen v. Packaging Corp. of Am.*, 898 F. Supp. 625, 629 (N.D. Ill. 1995)).[2]

13   A second ground for the Court to deny Apple costs is Apple's failure to adjust the amount of costs it

14   seeks by 53%, an apportionment that Apple itself proposed in its fees motion filed concurrently with

15   its Bill of Costs to account for prevailing only on "spread-spectrum" terms. Dkt No. 346-4 at pp. 8-

16   9. Apple's request for costs should have been similarly apportioned by 53%. Apple's sharp

17   litigation tactics and overreaching warrant denying Apple costs.

18   **IV.   APPLE'S BILL OF COSTS MUST BE REDUCED BY NONTAXABLE AND**
     **      UNNECESSARY COSTS AND ADJUSTED FOR A FAIR ALLOCATION**
19

20         "Items proposed by winning parties as costs should always be given careful scrutiny."

21   *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).  Particular scrutiny is appropriate here

22   where Apple seeks an exorbitant $1,229,436.43, the vast majority of which are not taxable costs,

23   were not necessarily incurred in this case, and are not reasonable under 28 U.S.C. § 1920.

24         "[W]hether a particular expense falls within the purview of section 1920, and thus may be

25   taxed in the first place, is an issue of statutory construction. . . ." *In re Ricoh Co., Ltd. Patent Litig.*,

26

---

27       [2] Apple's reliance on 17 U.S.C. § 505 for alleged costs, Reilly Dec., Dkt. No. 342-4, at ¶ 2, is likewise misplaced.  17 U.S.C. § 505 applies to costs for *copyright infringement*, but Linex asserted

28   *patent* infringement.  Therefore, 28 U.S.C. § 1920 is the applicable statute in this case.

1  661 F.3d 1361, 1364 (Fed. Cir. 2011) (applying Ninth Circuit law when affirming in part, reversing

2  in part, and vacating an award of $322,515.71 for reproduction and exemplification costs).  In

3  *Taniguchi*, the Supreme Court reaffirmed that costs awarded under 28 U.S.C. § 1920 are quite

4  restricted:

5      Our decision is in keeping with the narrow scope of taxable costs.
       "Although 'costs' has an everyday meaning synonymous with
6      'expenses,' *the concept of taxable costs under Rule 54(d) is more
       limited . . . .*"  *Taxable costs are a fraction of the nontaxable expenses*
7      *borne by litigants* . . . Because *taxable costs are limited by statute and*
       *are modest in scope*, we see no compelling reason to stretch the
8      ordinary meaning of the cost items Congress authorized in § 1920.

9  132 S. Ct. at 2006 (emphasis added).

10      This district has also affirmed a "narrow view of the types of costs that Section 1920

11  encompasses in line with the *statute's parsimonious approach to cost-shifting*."  *Alzheimer's Inst.*,

12  2013 U.S. Dist. LEXIS 31952, at *8 (emphasis added); *Ancora*, 2013 WL 4532927, at *3-4; *eBay*,

13  2013 WL 1402736, at *5; *Plantronics*, 2012 WL 6761576, at *16.

14      The Federal Circuit has likewise affirmed costs are extremely limited:

15      The Judicial Conference Committee's view that section 1920 has long
       been understood to 'allow the taxing of costs in a very limited way'
16      rests on the Supreme Court's explanation that the Congressional policy
       behind the enactment of section 1920 was to place 'rigid controls on
17      cost-shifting in federal courts.'

18  *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1327 (Fed. Cir. 2013) (quoting

19  *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 444 (1987)).

20      **A.     Apple Seeks Nontaxable Costs**

21      Apple's alleged costs of $1,229,436.43 fall into four categories: (1) ▮▮▮▮▮▮▮▮ for

22  database hosting, searching, processing and document reproduction; (2) ▮▮▮▮▮▮▮ for mock jury

23  and trial graphics[3]; (3) $45,979.74 for deposition and hearing transcripts, and (4) $185 for service of

24  a subpoena. As detailed below and in the attached Sanabria Decl. and spreadsheets, maximum

25

26  ────────────────

27      [3] Apple's Bill of Costs combines these two categories under "Fees for exemplification and
28  making copies", for a total of $1,183,271.69.

1   taxable costs are but a fraction of the alleged costs. *See* Sanabria Decl. at ¶¶ 19, 35, 6, 11, 14, 41;

2   Linex's Exhs. A.1, D.1, F.1, G.1.

3       Apple's costs are not fairly described in Apple's summary charts.[4]   For example, in Apple

4   Schedules D, G and H, Apple describes over $1 million as costs for ███████████████

5   ████████████████████ fact, the underlying invoices reveal that the *vast majority of*

6   *these costs are for database storage license fees that are not recoverable* under 28 U.S.C. § 1920(4).

7   *See, e.g.*, Dkt. No. 342-13 (Apple Schedule G); sealed Apple Ex. 7, ███████████████

8   ████████████████████████████████████████████████████████

9   ████████████████████████████████████████████

10   ███████████   During the parties' meet and confer to discuss Linex's objections, Apple's counsel

11   confirmed that the "█████████████ charges in its Catalyst invoices are database hosting

12   vendor fees.  Accordingly, Apple's total costs should be denied or reduced substantially for

13   improperly including nontaxable costs. *Ancora*, 2013 WL 4532927, at *3-4; *eBay Inc.*, 2013 WL

14   1402736, at *17 ("*the court does not tax hosting fees or user charges*") (emphasis added);

15   *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952, at *16 (holding that e-discovery hosting costs are

16   not taxable costs under 28 U.S.C. § 1920); *Oracle Am.*, 2012 WL 3822129, at *3 (denying almost $3

17   million in e-discovery costs where descriptions included non-taxable intellectual efforts).

18   **B.**    **If Any Costs Are Allowed, They Must Be Allocated in Accordance with a 53%**
     **Share That Apple Proposes in Its Fees Motion or an 11% Share That Linex**
19          **Proposes Here**

20       At a minimum, any assessment of costs must take into consideration that Apple did not

21   prevail on many issues.  Because the Court adopted Apple's proposed constructions for only one out

22   of the nine terms in dispute, Apple's success rate is 1/9, which is 11%.  If the Court is inclined to

23   assess costs now, Linex proposes that the Court allocate costs by Defendants' success rate, i.e. 11%.

24   In its motion for attorney's fees, Apple essentially admits that an allocation based on its success rate

25

26       [4] *See* Apple's summary schedules, Schedules A-I, and underlying invoices, Exhibits 1-9 to
     the Declaration of Elizabeth M. Reilly ("Reilly Decl.", Dkt. No. 342-4); Declaration of Mark C.
27   Scasi ("Scasi Decl.", Dkt 342-5), and Declaration of Michael K. Plimack ("Plimack Decl.", Dkt 342-
     6).
28

1   is reasonable and proper.  Specifically, Apple explains that an allocation of 53% "is reasonable"

2   based on the 10 out of 19 claims originally at issue that recited the one claim term the Court

3   construed in Apple's favor.  Dkt. No. 346-4 at p. 9.  Yet, Apple failed to apportion any of the costs it

4   seeks to account for Apple's success rate.

5          In the attached Sanabria Decl. and Exhibits identifying the maximum taxable costs, Linex

6   also identifies the appropriate allocation using either Apple's admitted 53% allocation or Linex's

7   proposed 11% allocation.  Sanabria Decl. at ¶¶ 3, 7, 9, 12, 17, 21, 26, 31, 38; Linex Exhs. A.1, C.1,

8   D.1, F.1, G.1.

9          **C.     Apple Cannot Recover Documents Produced or Deposition Transcripts Costs
                     Incurred in the ITC Investigation**

10

11          Apple seeks costs of ████████ for documents produced in the ITC (Schedule H) and

12   $13,643.25 for depositions taken in the ITC (Schedule I).  None of these costs are recoverable in this

13   case.  Generally, a party cannot recover fees or costs incurred in another proceeding.  *See Rock*

14   *Creek Ltd. P'ship v. State Water Res. Control Bd.*, 972 F.2d 274, 279 (9th Cir. 1992) (declining to

15   award fees from a previous administrative proceeding that was not a "condition precedent" to entry

16   to federal court).

17          Apple erroneously relies on the *Monolithic Power* case to claim costs incurred in the ITC

18   Investigation.  *Monolithic Power Sys., Inc. v. O2 Micro Int'l., Ltd.*, No. 4:08-cv-04567 CW, 2011

19   U.S. Dist. LEXIS 154454 (N.D. Cal. Mar. 3, 2011).  But the circumstances in that case were vastly

20   different from the ones here.  In *Monolithic Power*, the Court declined to stay the district court case

21   and instead ordered the parties to use discovery interchangeably between the district court case and

22   the ITC investigation and they were litigated concurrently.  *Id.* at *8 (discovery from the one could

23   be used in the other and vice-versa).  Here, however, the ITC investigation concluded before the stay

24   in this case was lifted, and did not involve the same patents.  Further, Apple did not oppose the

25   termination of the ITC investigation, which ended before the commencement of discovery in this

26   case.  To the extent it existed, Apple waived its right to seek costs in the ITC by failing to request

27   them.  Apple cannot revive this waiver here.

28

Linex's Objections to Apple's Bill of Costs
Case No. 4:13-cv-00159-CW (MEJ)

1    Moreover, to the extent the Court in *Monolithic Power*, was relying upon Plaintiff's

2   egregious conduct to award costs in that case, nothing of the sort occurred here.  There, O2 Micro

3   repeatedly sued Monolithic Power Systems' ("MPS's") customers, and was found to have engaged

4   in significant misconduct, specifically a persistent "proffer of false testimony" that, even after

5   coming to light, O2 Micro tried to conceal.  *Id.* at *16, *20.  This Court in *Monolithic Power* also

6   found that (1) the filing of the ITC investigation by O2 Micro was part of a pattern and practice of

7   vexatious filings, and (2) O2 Micro had used the same false evidence in the ITC investigation.  *Id.* at

8   *18-20 (finding the inventor and O2 Micro offered false testimony and evidence about earlier

9   conception and reduction to practice of patent).  It was this "litigation misconduct that, along with 02

10  Micro's vexatious litigation strategy [warranted] designating [the] case exceptional." *Id.* at *20-21.

11  The Federal Circuit affirmed the award of fees incurred in the ITC investigation in view of these

12  "unique circumstances" of "rampant misconduct." *Monolithic Power Sys., Inc. v. O2 Micro Int'l*

13  *Ltd.*, 726 F.3d 1359, 1369 (Fed. Cir. 2013).  It was those unique circumstances that warranted the

14  court's ruling.

15    Here, Apple does not provide grounds for the Court to depart from this general rule.  There

16  was no vexatious litigation strategy or litigation misconduct like the unique circumstances of

17  *Monolithic Power*.  As even Apple recognizes in its fees motion, it is improper to award fees

18  incurred during the separate ITC Investigation.  Dkt. No. 346-4 at p. 9 ("Apple seeks an award [that]

19  does not include fees incurred in the ITC.").  Similarly, it is improper to include costs incurred

20  during the ITC Investigation.

21  **V.    LINEX'S DETAILED OBJECTIONS TO THE COSTS APPLE SEEKS**

22    Below is a table setting out Linex's succinct objections to each category of Apple's alleged

23  costs:

| Category | Amount Apple Seeks | Amount Linex Objects to | Summary of Linex's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| **Fees for printed or electronically recorded transcripts necessarily obtained for use in the case** | | | | |

| Category | Amount Apple Seeks | Amount Linex Objects to | Summary of Linex's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| Deposition Transcripts (ITC) | $ 13,643.25 | $ 13,643.25 | Costs incurred during the ITC action are not recoverable in this case. *See also* Objections to Deposition Transcripts (NDCAL) immediately below | $ - |
| Deposition Transcripts (NDCAL) | $ 32,121.60 | $ 30,436.08 | Discovery depositions unrelated to liability or to Apple were not necessary for claim construction or summary judgment. Realtime, repository fees, rough drafts, etc. are not taxable.  Costs should be apportioned to account for the fact that Linex prevailed on 8 out of 9 claim terms and to reflect Apple's 11% success rate. | $ 1,668.67 |
| Markman Hearing Transcript (NDCAL) | $ 214.89 | $ - | N/A | $ 214.89 |
| Totals | $ 45,979.74 | $ 44,079.33 | | $ 1,883.56 |
| **Fees for exemplification and the costs of making copies necessarily obtained for the case** | | | | |
| Catalyst invoices: ESI and Document Production (ITC) | $ ■■■■ | ■ ■■■■ | Costs incurred in ITC action are not recoverable. *See also* Objections to Catalyst invoices below the Document Production (NDCAL) immediately below. | $ - |
| Catalyst invoices: ESI and Document Production (NDCAL) | $ ■■■■ | ■ ■■■ | Database license/hosting fees, preproduction processing, searching, consulting, training, shipping are not taxable. Costs should be apportioned to account for the fact that Linex prevailed on 8 out of 9 claim terms and to reflect Apple's 11% success rate | $■■ |

| Category | Amount Apple Seeks | Amount Linex Objects to | Summary of Linex's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| Graphics | ▮ ███ | ▮ ███ | Mock trial costs, travel, conferences with counsel, and intellectual efforts are not recoverable. Any recoverable costs should be apportioned to account for the fact that Linex prevailed on 8 out of 9 claim terms and to reflect Apple's 11% success rate | ▮ ███ |
| **Totals** | **$ 1,183,271.69** | **$ 1,158,236.47** | | **$ 4,218.49** |
| **Fees for service of summons and subpoena** | | | | |
| Summons | $ 185.00 | $ 185.00 | Not necessarily incurred. | $ - |
| **Totals** | **$ 185.00** | **$ 185.00** | | **$ -** |
| **Totals** | **$ 1,229,436.43** | **$ 1,202,500.80** | | **$ 6,102.05** |

***Table 1 - Summary of Costs and Linex's Objections***

As shown in this summary table, Linex submits that the total of Apple's costs that could be taxed is $6,102.05 (excluding ITC costs). Should the Court include Apple's alleged ITC costs, Linex submits that the total of Apple's costs that could be taxed is $8,371.33.

### A.     Apple's Request for Costs for Transcripts Under 28 U.S.C. § 1920(2) Should Be Disallowed or Reduced

If the Court decides to award any costs to Apple, Linex does not object to Apple's cost of $214.89 (Dkt. No. 343-8) for the Markman hearing transcript. Linex, however, objects to Apple's claim of $45,764.85 for deposition transcripts. Dkt. No. 342-3 (Apple Bill of Costs); Dkt. No. 342-4 (Reilley Decl.) at ¶¶ 12-18. Apple seeks to recover costs for depositions taken in another case, for depositions that were not related to claim construction or summary judgment, and for nontaxable costs, such as rough drafts, repository fees, videographer time, etc. not necessarily incurred for the case. *See* Sanabria Decl. at ¶¶ 6-18; Ex. A.1; F.1; I.1.

The total maximum taxable deposition transcript costs Apple could recover applying the fair allocation Linex proposes is $1,668.67. *Id.* at ¶ 7.

1.  **Apple Cannot Recover Deposition Costs that Were Not "Necessarily Incurred": Apple's Schedule A and Exhibit 1 (N.D. Cal. Deposition Transcripts)**

Apple's Schedule A (Dkt. No. 342-7) shows that Apple seeks $22,126.35 for transcripts and other deposition costs (charged by the WilmerHale law firm) for this action.  Apple's Ex. 1 (Dkt. No. 342-16) attaches the underlying court reporter invoices.

The table below summarizes the total costs Apple seeks in its Schedule A, taxable costs based on the invoices Apple provided, and the costs allocated under Apple's admitted allocation and Linex's proposed allocation.  Sanabria Decl. at ¶ 9.

| Total Costs Apple Requests | Taxable Costs | Apple's Admitted Allocation (53% of Total Taxable Costs) | Linex's Proposed (11% of Total Taxable Costs) |
|---|---|---|---|
| $22,126.35 | $8,420.45 | $4,462.84 | $926.25 |

*Table 2 – Summary of Costs from Schedule A*

Attached at Linex's Ex. A.1 is a detailed spreadsheet showing Apple's nontaxable deposition costs and the maximum taxable costs.  Sanabria Decl. at ¶ 10.  Linex's Ex. A.1 identifies and codes Linex's specific objections to Apple's claims for deposition costs.  Linex's Ex. A.1.

Apple may only recover deposition costs that were necessarily incurred.  Apple seeks costs for depositions of Messrs. Buckley, Chan, Goldstein, and Bratic, all of which were related to damages issues not considered by—or relevant to—the Court's rulings on claim construction, infringement, and validity.  Sanabria Decl. at ¶ 10; Linex's Ex. A.1.  Apple also seeks costs for the deposition of Mr. Chandran, whose testimony was on behalf of, and related to, products of another defendant, making his deposition entirely irrelevant to claims by or against Apple.  *Id.*  Apple should not recover costs associated with these depositions.  *Id.*

Further, as shown on Linex's Ex. A.1, Apple claims costs beyond an original and one copy of the transcript, i.e., costs for the videographer's time, processing and repository costs, rough drafts or other extra transcripts, not allowed by law.  Sanabria Decl. at ¶¶ 6, 10; Linex's Ex. A.1.  Apple cannot recover these deposition costs.  *Taniguchi*, 132 S.Ct. at 2006 ("[T]axable costs are limited by statute and are modest in scope. . . .");  *City of Alameda, Cal.*, 2012 WL 177566, at *3 (disallowing expedited transcript shipping and delivery charges).

Apple's Schedule A seeks the following nontaxable deposition transcript costs:

| Description of nontaxable costs | Total |
|---|---|
| not original or copy | $4,018.85 |
| damages | $8,420.45 |
| non-Apple defendant | $1,432.20 |

*Table 3 - Summary of Nontaxable Costs from Schedule A*

Sanabria Decl. at ¶ 10; Linex's Ex. A.1.

**2.    Apple Cannot Recover Nontaxable Deposition Transcript Costs: Apple's Schedule F and Exhibit 6 (N.D. Cal. Deposition Transcripts)**

Apple's Schedule F (Dkt. No. 342-12) shows that Apple seeks $9,995.25 in costs (charged by the Milbank law firm) associated with depositions taken in this action.  Dkt. No. 342-5 (Scarsi Decl.) at ¶¶ 5-7.  Apple's Ex. 6 (Dkt. No. 342-21) attaches the underlying court reporter invoices for those depositions.  These invoices include costs beyond an original and copy allowed under 28 U.S.C. § 1920(2) and Civ. L.R. 54-3(c)(1).

The table below summarizes the total costs Apple seeks in its Schedule F, taxable costs based on the invoices Apple provided, and taxable costs allocated under Apple's admitted allocation and Linex's proposed allocation.  Sanabria Decl. at ¶ 12.

| Total Costs Apple Requests | Taxable Costs | Apple's Admitted Allocation (53% of Total Taxable Costs) | Linex's Proposed (11% of Total Taxable Costs) |
|---|---|---|---|
| $9,995.25 | $6,749.25 | $3,577.10 | $742.42 |

*Table 4 - Summary of Costs from Schedule F*

Linex's Ex. F.1 to the Sanabria Decl. is a detailed spreadsheet showing Apple's nontaxable deposition transcript costs and the maximum taxable costs.  Sanabria Decl. at ¶ 13, Linex's Ex. F.1. Linex's Ex. F.1 identifies and codes Linex's specific objections to Apple's claims for deposition costs.

Linex's Exhibit F.1 shows that Apple seeks costs for "Realtime," "Rough draft," "Processing/Repository," and other costs not allowed under the statute or Local Rules.  Sanabria

1  Decl. at ¶ 13; Linex's Ex. F.1. *Taniguchi*, 132 S.Ct. at 2006 ("[T]axable costs are limited by statute

2  and are modest in scope. . . ."); *City of Alameda, Cal.*, 2012 WL 177566, at *3 (disallowing

3  expedited transcript shipping and delivery charges).

4        Apple's Schedule F includes nontaxable deposition transcript costs as follows:

| Description of nontaxable costs | Total |
|---------------------------------|-----------|
| not original or copy | $3,246.00 |

*Table 5 – Summary of Nontaxable Costs from Schedule F*

9  Sanabria Decl. at ¶ 13; Linex's Ex. F.1.

      **3.**      **Apple Cannot Recover Deposition Transcript Costs Incurred in the ITC Case: Apple's Schedule I and Exhibit 9 (ITC Deposition Transcripts)**

12        Apple's Schedule I (Dkt. No. 342-15) shows that Apple seeks $13,643.25 in costs (charged

13  by the Covington law firm) associated with depositions taken in the ITC Investigation. Dkt. No.

14  342-6 (Plimack Decl.) at ¶¶ 13-16. Apple's Ex. 9 (Dkt. No. 342-24) attaches the underlying court

15  reporter invoices for those depositions. Covington represented both Apple and HP at the ITC, and

16  the invoiced costs for depositions incurred during the ITC were split evenly between HP and Apple.

17  Dkt. No. 342-6 (Plimack Decl.) at ¶ 16. Apple's ITC costs, however, are not taxable in this case for

18  the reasons discussed in Section IV.C *supra*. Even if Apple were entitled to ITC costs, Apple should

19  not recover for deposing the same witness twice—i.e., Messrs. Gabrysiak, Garodnick, Mardinian,

20  Schilling, Rekieta and Acampora—who were deposed in the ITC and again in this case. Sanabria

21  Decl. at ¶ 16; Ex. I.1. Conducting two depositions of each witness does not qualify as a "necessarily

22  incurred" cost in this case, rendering those costs not taxable. Apple is similarly not entitled to

23  deposition transcript costs of ITC witnesses who were not witnesses in this case, i.e., Messrs. Steer,

24  Vojcic, and Martinez, and not necessarily incurred in this case. Sanabria Decl. at ¶ 16. For these

25  reasons, the deposition costs on Apple Schedule I should be excluded. *Taniguchi*, 132 S.Ct. at 2006

26  ("[T]axable costs are limited by statute and are modest in scope. . . .").

27        In the event the Court decides to award costs to Apple related to the ITC deposition

28  transcripts, the table below summarizes the total cost Apple seeks in its Schedule I, taxable costs

based on the invoices Apple provided, and maximum taxable costs allocated under Apple's admitted allocation and Linex's proposed allocation.  Sanabria Decl. at ¶ 17.

| Total Costs Apple Requests | Taxable Costs | Apple's Admitted Allocation (53% of Total Taxable Costs) | Linex's Proposed (11% of Total Taxable Costs) |
|---|---|---|---|
| $13,643.25 | $8,499.95 | $4,504.97 | $934.99 |

*Table 6 - Summary of Costs from Schedule I*

Linex's Ex. I.1 to the Sanabria Decl. is a detailed spreadsheet showing Apple's nontaxable deposition costs and the maximum taxable costs.  Sanabria Decl. at ¶ 18, Ex. I.1.  Linex's Ex. I.1 succinctly identifies and codes Linex's specific objections to Apple's claims for deposition costs.  *Id.*

Specifically, Apple should not recover costs for the transcript of Mr. Evan's deposition.  Mr. Evans was a witness whose testimony was provided on behalf of and related to products of another defendant, making his deposition irrelevant to Apple.  Sanabria Decl. at ¶ 18; Linex's Ex. I.1 at 1.  Apple may only recover deposition costs that were necessarily incurred.  Accordingly, Apple cannot recover costs associated with Mr. Evans' deposition.  *Id.*

Further, as shown in Linex's Ex. I.1, Apple claims costs beyond an original and one copy of the transcript, i.e., costs for the videographer's time, processing and repository costs, rough drafts or other extra transcripts, not allowed by law.  Linex's Ex. I.1.  Apple cannot recover these deposition costs.  *Taniguchi*, 132 S.Ct. at 2006 ("[T]axable costs are limited by statute and are modest in scope. . . ."); *City of Alameda*, 2012 WL 177566, at *3 (disallowing expedited transcript shipping and delivery charges).

Apple's Schedule I includes nontaxable deposition transcript costs as follows:

| Description of nontaxable cost | Total |
|---|---|
| not original or copy | $10,246.10 |
| non-Apple defendant | $197.38 |

*Table 7 - Summary of Nontaxable Costs from Schedule I*

Sanabria Decl. at ¶ 18; Linex's Ex. I.1.

**B.    Database Hosting and Similar Document Collection and Processing Costs Under 28 U.S.C. § 1920(4) Must Be Disallowed and Any Allowed Costs Allocated 33% for Apple's Unnecessary Reproduction of ITC Documents and Apportioned by Apple's Success Rate**

It is well-settled that hosting fees, license fees, delivery of documents in excess of regular postage, FedEx, and "copies made solely for counsel's convenience or the litigant's own use are not recoverable because they are not 'necessarily' obtained for use in the case." *eBay*, 2013 WL 1402736, at *5, *7; *Plantronics*, 2012 WL 6761576 at *13, *16-18 (reducing the bill of costs by over $200,000 for capture, processing, and segregation of data prior to TIFF conversion).

As the Ninth Circuit held in *Zuill v. Shanahan*:

> Fees for exemplification and copying "are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F. 2d 1418, 1428 (9th Cir. 1989). *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S. Ct. 2492, 96 L.Ed2d 385 (1987), "strictly limits reimbursable costs to those enumerated in section 1920," and "a district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920." *Romero*, 883 F.2d at 1428.

80 F.3d 1366, 1371 (9th Cir. 1996) (reversing costs awarded by district court for document production where they included intellectual effort involved in their production).

**1.    Hosting, Storage and License Fees Are Not Taxable**

Apple's costs for database hosting, vendor license and e-discovery storage costs are not recoverable. *Ancora*, 2013 WL 4532927, at *4 ("[T]he Court finds that Ancora's objection to the $71,611.52 sought by Apple for 'License Fee [Hosting of data for production]' is well taken. The motion as to these costs is GRANTED and the costs award will be reduced by $71,611.52"). The *Ancora* court stated that:

> e-discovery storage costs are "non-compensable under Section 1920 in light of *Taniguchi*'s guidance . . . Moreover, the Ninth Circuit and the courts of this district have long held that costs compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents. *Zuill v. Shanahan*, 80 F3d 1366, 1371 (9th Cir. 1996) ("fees for exemplification and copying are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production"); *Romero v. City of Pomona*, 883 F.2d 1418, 1427–28 (9th Cir.1989) (costs for experts who "assembled, analyzed and distilled the data incorporated into their trial exhibits" denied despite argument that costs were integral exemplification); *Oracle Am., Inc. v. Google Inc.*, C 10–03561 WHA,

2012 WL 3822129 at *3 (N.D.Cal. Sept. 4, 2012) (e-discovery fees
denied where the court found that costs were incurred "intellectual
effort" in gathering and analyzing the documents rather than
reproducing the documents); *Plantronics, Inc. v. Aliph, Inc.*, C 09–
01714 WHA(LB), 2012 WL 6761576 (N.D.Cal. Oct. 23, 2012) (costs
for electronic .TIFF and .PDF conversion and OCR of documents
produced in discovery were permissible exemplification costs, but pre-
production document collection and processing costs were not).

*Id.* at *3; *see also, eBay*, 2013 WL 1402736, at *17 ("*the court does not tax hosting fees or user

charges.*"), *7 (distinguishing *Ricoh* where parties agreed to share hosting costs), *15 ("The other

expenses in the Gallivan invoices generally *are hosting expenses that the court does not award.*"),

*18 ("The rest are *hosting fees that are not taxable*") (emphasis added); *Alzheimer's Inst.*, 2013 U.S.

Dist. LEXIS 31952, at *16 (holding that "database hosting costs" are "*non-compensable under

Section 1920 in light of Taniguchi's guidance*" because gathering, organizing and storing documents

whether paper or electronic is not a taxable cost) (emphasis added).

### 2.    Searching, Custom Work, Database Management Costs Are Not Taxable

It is equally well-settled that Apple's document production costs incurred for searching are

not recoverable. *See, e.g., Zuill*, 80 F.3d at 1371 (costs for intellectual efforts related to production

of not recoverable); *Ancora*, 2013 WL 4532927, at *4; *Oracle*, 2012 WL 3822129, at *3

(organizing, searching, and analyzing discovery documents "are non-taxable intellectual efforts").

### 3.    Preproduction Processing Costs Are Not Taxable

Apple's preproduction processing costs for uploading documents to a database for filtering

and review are also not taxable. *Plantronics*, 2012 WL 6761576, at *13, *16 ($200,000 in pre-

production for document production fees not taxable because "[d]ecisions in the Northern District—

*City of Alameda, Computer Cache*, and *Oracle America* (relying on *Romero*)—disapprove similar

processing costs and tax more modest costs associated more directly with the processing of TIFF and

PDF files.") *accord CBT Flint*, 737 F.3d at 1330.

### 4.    Shipping/FedEx/Rush Costs Are Not Taxable

Apple's shipping costs, and "rush" or FedEx costs are similarly not recoverable. *See, e.g.,

Kwan Software Eng'g v. Foray Techs., LLC*, No. C 12–03762 SI, 2014 WL 1860298, at *5 (N.D.

Cal. May 8, 2014); *Plantronics*, 2012 WL 6761576, at *6 ("This court finds persuasive this district's

decisions holding that the costs of expedited delivery are not recoverable generally.")

### 5.    Apple's Costs Must be Reduced by the Number of Pages Unnecessarily Produced

Finally, Apple's document production costs should be apportioned by 33% to account for Apple's needless reproduction of ITC documents in this case.  Apple produced approximately 6 million pages of documents in the ITC case.  Sanabria Decl. at ¶ 20.  After that case was terminated and discovery in this case commenced, Apple produced approximately 9 million pages of documents, (Dkt. No. 324-4 (Reilly Decl.) at ¶ 32), 6 million of which Apple had already produced in the ITC investigation.  Sanabria Decl. at ¶ 20.  The additional reproduction of those 6 million pages of documents this simply unnecessary.  Apple and Linex agreed that documents produced in the ITC Investigation were to be treated "as if it had been produced in this case *without any need for re-designation or re-production. . . .*"  Dkt. No. 339-5 (Amended Stipulated Protective Order) at p. 3, l. 15 (emphasis added).  *See also* Dkt. No. 173 at 3.  Therefore, there was absolutely no reason for Apple to reproduce in this case the 6 million pages previously produced in the ITC investigation, and no reason to incur costs associated with such a production.  On the contrary, this Court should find that the parties stipulation meant that *no costs would be incurred for reproduction* and should allocate any allowable costs accordingly, i.e., by 3/9, which is 33%.  *See In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d. at 1366 ("If parties can exceed the allowable costs under section 1920 by contract, we see no reason why in light of *Crawford* they cannot likewise limit the allowable costs under section 1920 by contract.")

In short, not all discovery production costs are recoverable.  *eBay*, 2013 WL 1402736, at *5.  Yet, incredibly, Apple seeks ▮▮▮▮▮▮▮ for these nontaxable "document production" costs.  Sanabria Decl. at ¶¶ 19-34.

As shown in the attached detailed exhibits (*Id.*; Linex Ex. Nos. D.1 , D.2, G.1, G.2, H.1, and H.2), Apple's "document production" costs include substantial amounts and categories of plainly disallowed costs:

| Description | Costs |
|---|---|
| Database hosting/license fee | ▮▮▮▮▮ |
| Searching/custom work/database management | ▮▮▮▮▮ |
| Preproduction Processing | ▮▮▮▮▮ |

Linex's Objections to Apple's Bill of Costs
Case No. 4:13-cv-00159-CW (MEJ)

| Description | Costs |
|---|---|
| Shipping/FedEx/rush | ██████ |

*Table 8 - Summary of Nontaxable Costs from Schedules D, G, and H*

### 6. Apple's Costs for Database Storage License Fees, Preproduction Processing and Similar Charges Are Not Taxable: Apple's Schedule D and Exhibit 4 (N.D. Cal. Document Production)

Apple's Schedule D seeks $279,922.38 document production costs charged by WilmerHale. Dkt. No. 342-4 (Reilly Decl.) at ¶¶ 31, 34. Apple's Ex. 4, filed under seal, attaches underlying vendor invoices. *Id.* Apple's Ex. 4 invoices show that the vast majority of the fees are for "Variable License Fee (per gb)," *i.e.*, impermissible hosting and license fees; "Priv UAP and NonIndexed searches," *i.e.* impermissible document searching; and other pre-production nontaxable costs.

The table below summarizes the total costs Apple seeks in Schedule D, taxable costs based on invoices Apple provided, and maximum costs allocated under Apple's admitted allocation and Linex's proposed allocation. Sanabria Decl. at ¶ 21.

| Total Costs Apple Requests | Taxable Costs | Apple's Admitted Allocation (53% of Total Taxable Costs) | NDCA Document Production Allocation (33% of Apple's Allocation) | Linex's Proposed (11% of Total Taxable Costs) | NDCA Document Production Allocation (33% of Linex's Allocation) |
|---|---|---|---|---|---|
| ██████ | ██████ | ██████ | ██████ | ██████ | ██████ |

*Table 9 - Summary of Costs from Schedule D*

Attached at Apple Ex. D.1 is a detailed spreadsheet showing Apple's nontaxable costs and the maximum taxable costs. Sanabria Decl. at ¶ 22. This spreadsheet identifies the following categories of nontaxable charges:

1) Database Hosting (e.g., ████████████ Linex's Ex. D.1 at p. 1);

2) Searching (e.g. ██████████████████████ *id.* at p. 5);

3) Nontaxable preproduction processing (e.g., ██████████", *id.*); and

4) costs for Production (e.g., "██████████████████████ at p. 6).

1   As discussed above, Apple's Schedule D seeks costs that are not taxable as a matter of law.

2   Accordingly, Apple cannot recover these costs. *Ancora*, 2013 WL 4532927, at *3-5 (rejecting

3   Apple's request for license and hosting costs); *Apple v Samsung*, 5-11-cv-01846-LHK, Krevens

4   Decl., Dec. 5, 2013, Dkt. No. 2853, at ¶¶ 34, 38 (attesting on Apple's behalf that that Apple does not

5   seek "*costs associated with hosting the data, software user license fees and vendor consulting time*

6   *are not included.*") (emphasis added); *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952, at *7

7   (holding that e-discovery hosting costs are not taxable costs under 28 U.S.C. § 1920); *eBay*, 2013

8   WL 1402736, at *17 ("the court does not tax hosting fees or user charges"); *Plantronics*, 2012 WL

9   6761576, at *16 ($200,000 in pre-production for document production fees not taxable because

10  "[d]ecisions in the Northern District—*City of Alameda, Computer Cache*, and *Oracle America*

11  (relying on *Romero*)—disapprove similar processing costs and tax more modest costs associated

12  more directly with the processing of TIFF and PDF files.").

13  Attached at Ex. D.2 is a color coded copy of Apple's Ex. 4 invoices corresponding to

14  Apple's nontaxable charges. Sanabria Decl. at ¶ 24. The following colors correspond to the

15  following nontaxable categories:

| Description | Color | Costs |
|---|---|---|
| Database hosting/license fee | Blue | ██████ |
| Searching | Yellow | ████ |
| Preproduction Processing | Pink | ████ |

*Table 10 - Summary of Nontaxable Costs from Schedule D*

Linex's Ex. D.2; Linex's Ex. D.1.

7.   **Apple's Costs for Database Storage License Fees, Preproduction Processing and Similar Charges Are Not Taxable: Apple's Schedule G and Exhibit 7 (N.D. Cal. Document Production)**

Apple's Schedule G (Dkt. No. 342-13) shows that Apple seeks ██████ in costs (charged

by Millbank) associated with document production. Dkt. No. 342-5 (Scarsi Decl.) at ¶¶ 8-11. Apple

attached the underlying vendor invoices at Ex. 7, filed under seal. Apple's Ex. 7 invoices show that

the vast majority of the fees are for ████████████ *i.e.*, impermissible hosting and

28

1   license fees; ███████████████████████ impermissible document searching; and other

2   pre-production nontaxable costs. Sanabria Decl. at ¶ 25.

3        The table below summarizes the total cost Apple seeks in Schedule G, taxable costs based on

4   the invoices Apple provided, and costs allocated under Apple's admitted allocation and Linex's

5   proposed allocation. Sanabria Decl. at ¶ 26.

| Total Costs Apple Requests | Taxable Costs | Apple's Admitted Allocation (53% of Total Taxable Costs) | NDCA Document Production Allocation (33% of Apple's Allocation) | Linex's Proposed (11% of Total Taxable Costs) | NDCA Document Production Allocation (33% of Linex's Allocation) |
|---|---|---|---|---|---|
| ████ | ████ | ████ | ████ | ████ | ████ |

*Table 11 – Summary of Costs from Schedule G*

13        Attached at Ex. G.1 is a detailed spreadsheet showing Apple's nontaxable costs and

14   maximum taxable costs. Sanabria Decl. at ¶ 27. This spreadsheet identifies the following categories

15   of nontaxable charges:

16        1) Database Hosting (e.g., ███████████████ Linex's Ex. G.1 at p. 3);

17        2) Searching (e.g. "███████████████████████████████", *id.*);

18        3) Nontaxable preproduction processing (e.g. ████████████ *id.* at p. 10);

19        4) Shipping/FedEx/rush (e.g. *id.* at p. 20); and

20        5) costs for Production (e.g., ███████████████████████████████ *id.*

21   at p. 32).

22        As discussed above, Apple's Schedule G seeks costs that are not taxable as a matter of law.

23   Accordingly, Apple cannot recover these costs. *Ancora*, 2013 WL 4532927, at *3-5 (rejecting

24   Apple's request for license and hosting costs); *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952, at

25   *16 (holding that e-discovery hosting costs are not taxable costs under 28 U.S.C. § 1920); *eBay*,

26   2013 WL 1402736 at *17 ("the court does not tax hosting fees or user charges"); *Plantronics*, 2012

27   WL 6761576 at *16 ($200,000 in pre-production fees not taxable because "[d]ecisions in the

28   Northern District—*City of Alameda, Computer Cache*, and *Oracle America* (relying on *Romero*)—

1  disapprove similar processing costs and tax more modest costs associated more directly with the

2  processing of TIFF and PDF files.").

3      Attached at Ex. G.2 is a copy of Apple's Ex. 7 invoices color-coded to show Apple's

4  nontaxable costs.  Sanabria Decl. at ¶ 29.  The following colors correspond to the following

5  nontaxable categories:

| Description | Color | Costs |
|---|---|---|
| Database hosting/license fee | Blue | ███████ |
| Searching/custom work/database management | Yellow | ███████ |
| Preproduction Processing | Pink | ███████ |
| Shipping/FedEx/rush | Green | ███████ |

*Table 12 - Summary of Nontaxable Costs from Schedule G*

Linex's Ex. G.2; Linex's Ex. G.1.

### 8.   The ITC Document Production Costs in Schedule H and Apple's Exhibit 8 Are Not Taxable in This Case

Apple seeks ████████ in costs for its document production in 2011 in the ITC Investigation.

Dkt. No. 342-6 (Plimack Decl.) at ¶¶ 7-12; Apple Ex. 8 (invoices).  Apple cannot demonstrate that

this Court should deviate from the general rule that costs and fees incurred in another case are not

recoverable.  *See, e.g.*, *Rock Creek Ltd.*, 972 F.2d at 279 (holding recovery of fees in a related

administrative proceeding not taxable in district court unless the administrative proceeding was a

condition precedent to entry to federal court); *Competitive Techs. v. Fujitsu Ltd.*, No. C–02–1673

JCS, 2006 WL 6338914, at *5, *7 (N.D. Cal Aug. 23, 2006) (holding $135,731.54 in ITC document

production costs not taxable in district court case where parties stipulated that documents produced

in the ITC were deemed produced in the district court).  None of these costs are recoverable here

because they were incurred in the ITC, when this case was stayed.  *See* Dkt. No. 96, at p. 17.

This Court should find as the court did in *Competitive Techs.*, that ITC costs are not taxable.

2006 WL 6338914, at *5, *7.  The only reasonable interpretation of the parties' agreement that

documents produced in the ITC need *not* be reproduced in this case is that costs associated with ITC

produced documents would *not* be incurred in this case. *See* Dkt. Nos. 339-5 at p. 3, l. 15; 173 at p. 3.

Even assuming, *arguendo*, that Apple's ITC document production costs are relevant, Apple's Schedule H and Ex. 8 invoices show that the vast majority of the costs it seeks are, again, for ████████████████████████ *i.e.*, impermissible hosting and license fees; impermissible document searching, and other pre-production nontaxable costs. Dkt. No. 342-14.  In the event that the Court awards costs to Apple for its document productions in the ITC Investigation, the taxable costs Apple seeks in Schedule H must be allocated to account for Apple's success rate.

The table below summarizes the total costs Apple seeks in Schedule H, taxable costs based on invoices Apple provided, and maximum costs allocated under Apple's admitted allocation and Linex's proposed allocation.  Sanabria Decl. at ¶ 31.

| Total Costs Apple Requests | Taxable Costs | Apple's Admitted Allocation (53% of Total Taxable Costs) | NDCA Document Production Allocation (33% of Apple's Allocation) | Linex's Proposed (11% of Total Taxable Costs) | NDCA Document Production Allocation (33% of Linex's Allocation) |
|---|---|---|---|---|---|
| ████ | ████ | ████ | ████ | ████ | ████ |

*Table 13 – Summary of Costs from Schedule H*

Attached at Ex. H.1 is a detailed spreadsheet showing Apple's nontaxable costs and maximum taxable costs.   Sanabria Decl. at ¶ 32.  This spreadsheet identifies the following categories of nontaxable charges:

1) Database Hosting (e.g., ████████████████ Linex's Ex. H.1 at p. 4);

2) Searching, custom work/database management (e.g. █████████████████████████ ████████, *id*. at p. 7);

3) Nontaxable preproduction processing (e.g., ███████████████ *id*. at p. 14);

4) Shipping, FedEx/Rush (e.g. ████████████████████████████████████████ ██); and

5) costs for Production (e.g., ███████████████████████████████

████████████

As discussed above, Apple's Schedule H seeks costs that are not taxable as a matter of law. Accordingly, even if ITC costs were taxable in this case, Apple cannot recover these costs. *Ancora*, 2013 WL 4532927, at *3-5 (rejecting Apple's request for license and hosting costs); *eBay*, 2013 WL 1402736 at *17 ("the court does not tax hosting fees or user charges"); *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952, at *16 (holding that e-discovery hosting costs are not taxable costs under 28 U.S.C. § 1920); *Plantronics*, 2012 WL 6761576 at *16 ("Decisions in the Northern District—*City of Alameda, Computer Cache*, and *Oracle America* (relying on *Romero*)—disapprove similar processing costs and tax more modest costs associated more directly with the processing of TIFF and PDF files.").

Attached at Ex. H.2 is a copy of Apple's Ex. 8 invoices color coded to show Apple's nontaxable costs. Sanabria Decl. at ¶ 34. The following colors correspond to the following categories:

| Description | Color | Costs |
|---|---|---|
| Database hosting/license fee | Blue | ███████ |
| Searching/custom work/database management | Yellow | ██████ |
| Preproduction Processing | Pink | ██████ |
| Shipping/FedEx/rush | Green | █████ |

*Table 14 - Summary of Nontaxable Costs from Schedule H*

Linex's Ex. H.2; Linex's Ex. H.1.

**C.   Apple Cannot Recover Trial Graphics Costs That Were Not Necessarily Incurred: Apple's Schedule C and Exhibit 3**

Apple's Schedule C seeks $43,291.47 for trial graphics. Dkt. Nos. 342-9 (Apple's Schedule C); 342-4 (Reilly Decl.) at ¶¶ 24-30. Apple's Ex. 3, filed under seal, includes the underlying vendor invoices for which Apple paid half and HP paid half. Dkt. No. 342-4 (Reilly Decl.) at ¶ 28.

"Only the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of

1  demonstratives are not recoverable." *Ancora*, 2013 WL 4532927, at *5 (quoting *Computer Cache*,

2  2009 WL 5114002, at *1-2 (citing *Zuill*, 80 F.3d at 1371)).  Apple's costs include charges for

3  meetings and intellectual preparation.  Sanabria Decl. at ¶ 40.  Further, Apple's Ex. 3 invoices show

4  that some of these costs were incurred *before* the Court ruled on claim construction or summary

5  judgment (e.g., 2/12/14 "prep, attend meeting at Wilmer",  Fulcrum Invoice, Apple Ex. 3 at p. 2),

6  and *all* the costs were incurred nearly four months before the scheduled July trial.  Apple Ex. 3.

7       Apple's costs for trial graphics should be disallowed because it "was not evident that those

8  visual aids were necessary for trial in this action."  *Monolithic Power*, 2011 U.S. Dist. LEXIS

9  154454, at *25.  If allowed, Apple's costs should be substantially reduced by fees for "Mock trial

10 graphics development," (Apple Ex. 3 at p. 2); "Mock trial logistics," (*id.*); "Client

11 teleconference,"(*id.* at p. 2) and "Western Messenger Delivery," (*id.* at p. 6), because these costs are

12 not taxable. *See, e.g.*, *Ancora*, 2013 WL 4532927, at *5.

13      Further, as with the other charges, graphics costs should be allocated to account for Apple's

14 success rate.  The table below summarizes the total cost Apple seeks in Schedule C, taxable costs

15 based on the invoices Apple provided, and costs allocated under Apple's admitted allocation and

16 Linex's proposed allocation.  Sanabria Decl. at ¶ 38.

| Total Costs Apple Requests | Taxable Costs | Apple's Admitted Allocation (53% of Total Taxable Costs) | Linex's Proposed (11% of Total Taxable Costs) |
|---|---|---|---|
| ███████ | ██████ | █████████ | ███████ |

*Table 15 - Summary of Costs from Schedule C*

22      Attached at Ex. C.1 is a spreadsheet showing the detailed support for the table above.

23 Sanabria Decl. at ¶ 39.  Ex C.1 shows that Apple seeks costs for intellectual preparation of graphics,

24 not only the physical preparation that is allowed under 28 U.S.C. § 1920(4) and Civ. L.R. 54-3(d)(5).

25 Specifically, Apple's Schedule C seeks the following nontaxable costs:

| Description | Costs |
|---|---|
| Mock trial preparation | █████████ |
| Meetings and teleconferences | █████████ |
| Messenger services | ██████ |

***Table 16 - Summary of Nontaxable Costs from Schedule C***

Linex's Ex. C.1; Sanabria Decl. at ¶ 39.  Apple cannot recover any of these costs because they are unrelated to the physical preparation of the graphics.  *See, e.g., Ancora,* 2013 WL 4532927, at *5; *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.,* No. C 96–2494 CW, 2012 WL 6045246, *4 (N.D. Cal. Dec. 5, 2012) (holding that costs for vendor meetings and conferences are not taxable) *rev'd in part on other grounds,* 741 F.3d 955 (9th Cir. 2013); *Shum v. Intel Corp.,* 682 F. Supp. 2d 992, 1000-01 (N.D. Cal. 2009) (mock trial costs are not taxable); *Computer Cache,* 2009 WL 5114002, at *2.

**D.      Apple's Cost for Service of a Summons and Subpoena Under 28 U.S.C. § 1920(1) on Linex's Former Counsel Was Not Necessarily Incurred**

Apple seeks $185 for serving a deposition subpoena that it could and should have asked Linex's current counsel to accept.  Sanabria Decl. at ¶ 41.  Apple made no effort to seek voluntary acceptance of the subpoena.  Linex's counsel would have accepted service for Linex's former counsel.  *Id.*  Accordingly, this was not a cost that was necessarily incurred and should not be allowed.

**VI.      CONCLUSION**

For the reasons stated above and in the attached declaration and exhibits, the Court should defer consideration of Apple's costs pending resolution of the appeals in this case, or deny Apple's costs altogether.  If costs are allowed, a summary of Linex's objections and the maximum taxable amounts is $6,102.05.

Date:  July 8, 2014

/s/ Robert F. McCauley
Robert F. McCauley (SBN 162056)
Robert.mccauley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue

25

Palo Alto, CA 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849.6666

Vincent P. Kovalick (*Pro Hac Vice*)
Vincent.kovalick@finnegan.com
Barry W. Graham (*Pro Hac Vice*)
Barry.graham@finnegan.com
Richard H. Smith (*Pro Hac Vice*)
Richard.smith@finnegan.com
Troy E. Grabow (*Pro Hac Vice*)
Troy.grabow@finnegan.com
Laura P. Masurovsky (*Pro Hac Vice*)
Laura.masurovsky@finengan.com
Rajeev Gupta (*Pro Hac Vice*)
Rajeev.gupta@finnegan.com
Kenie Ho (*Pro Hac Vice*)
Kenie.ho@finnegan.com
Cecilia Sanabria (*Pro Hac Vice*)
Cecilia.sanabria@finnegan.com
Jia Lu (*Pro Hac Vice*)
Jia.lu@finnegan.com
Robert D. Wells (*Pro Hac Vice*)
Robert.wells@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Plaintiff
*Linex Technologies, Inc.*