# EXHIBIT Q TO THE DECLARATION OF L. SCOTT OLIVER IN SUPPORT OF ARUBA NETWORKS, INC.'S, MERU NETWORKS, INC.'S AND RUCKUS WIRELESS, INC.'S SUPPLEMENTAL MEMORANDUM ON ATTORNEYS' FEES UNDER 35 U.S.C. § 285

| | |
|---|---|
| **From:** | Oliver, L. Scott |
| **Sent:** | Friday, October 10, 2014 3:54 PM |
| **To:** | Kovalick, Vince |
| **Cc:** | McCauley, Robert; Reilly, Beth; Muschamp, Laura E; Manning, Lindsay; RaoRane, Meghana; Kwong, Deanna; Ho, Kenie; WH Attorneys-External-Apple-Linex; HP13159; Meru-Linex; Aruba_Linex_DE; Ruckus-Linex; Linex-NDCal |
| **Subject:** | RE: LINEX v. HP et al - Fees incurred by Finnegan |

Vince:

As you know, it was the Court's order for detail supporting the amount of fees to be awarded made the plaintiff's own fees potentially relevant. Our request is not "belated," but is rather driven by the Court's request for detail. It is undisputed that the plaintiff's fees (or hours and standard rates in a contingency billing arrangement) could be relevant to the Court. Moreover, the agreement to extend the briefing schedule for both sides was unrelated to this request for information about your firm's fees.

Regardless, we understand from your message that Linex refuses to provide the requested data, and we will so note in our briefing.

--Scott



**L. Scott Oliver**
Partner
K&L Gates LLP
630 Hansen Way
Palo Alto, CA  94304
Phone:  650.798.6768
Mobile: 650.219.1133
Fax: 650.644.0199
scott.oliver@klgates.com
www.klgates.com

---

**From:** Kovalick, Vince [mailto:vince.kovalick@finnegan.com]
**Sent:** Wednesday, October 08, 2014 11:30 AM
**To:** Oliver, L. Scott
**Cc:** McCauley, Robert; Reilly, Beth; Muschamp, Laura E; Manning, Lindsay; RaoRane, Meghana; Kwong, Deanna; Ho, Kenie; WH Attorneys-External-Apple-Linex; HP13159; Meru-Linex; Aruba_Linex_DE; Ruckus-Linex; Linex-NDCal
**Subject:** RE: LINEX v. HP et al - Fees incurred by Finnegan

Scott,

Obviously, we don't agree with your understanding of these cases. Also, we believe your belated request is somewhat disingenuous. The Defendants moved for fees many months ago, but never before requested this information from

1

us.  You never mentioned the issue in your briefs and you didn't raise the issue at the hearing.  So, it's difficult to understand how you can now suggest that the information is relevant.

Also, when we agreed to your request for an extension of time to prepare your briefs on this issue, we did not expect that you would use that time to chase this information from us.   Please reconsider.

Thanks,  vince

---

**From:** Oliver, L. Scott [mailto:Scott.Oliver@klgates.com]
**Sent:** Friday, October 03, 2014 3:52 PM
**To:** Kovalick, Vince
**Cc:** McCauley, Robert; Reilly, Beth; Muschamp, Laura E; Manning, Lindsay; RaoRane, Meghana; Kwong, Deanna; Ho, Kenie; WH Attorneys-External-Apple-Linex; HP13159; Meru-Linex; Aruba_Linex_DE; Ruckus-Linex; Linex-NDCal
**Subject:** Re: LINEX v. HP et al - Fees incurred by Finnegan

Vince:

I'm out this week but wanted to get back to you because Linex has fundamentally misunderstood our request.

The exemplary cases we cited establish that in an exceptional case, the amount of the opposing party's fees can be relevant to the judge's fee award.  Whether the opposing party is a plaintiff, defendant, DJ plaintiff or cross-defendant is immaterial, and whether the case includes patent infringement and invalidity claims is similarly irrelevant. We are aware of no case law suggesting that such factors have any significance.

Please tell me by MONDAY if Linex will provide the requested data; otherwise, we will understand that it refuses to do so.

Thanks,

--Scott



**L. Scott Oliver**
Partner
K&L Gates LLP
630 Hansen Way
Palo Alto, CA  94304
Phone: 650.798.6768
Mobile: 650.219.1133
scott.oliver@klgates.com
www.klgates.com

On Oct 1, 2014, at 2:41 PM, "Kovalick, Vince" <vince.kovalick@finnegan.com> wrote:

> Hi Scott,

We are still considering your e-mail request.  We note, however, that the cases you have cited seem to refer to relevance when plaintiff is requesting fees?  Do you have any precedent from the NDCA in a patent case?

Thanks,  vince

> **From:** Oliver, L. Scott [mailto:Scott.Oliver@klgates.com]
> **Sent:** Tuesday, September 30, 2014 12:26 PM
> **To:** McCauley, Robert; Reilly, Beth; Muschamp, Laura E; Manning, Lindsay; RaoRane, Meghana
> **Cc:** Kwong, Deanna; Ho, Kenie; WH Attorneys-External-Apple-Linex; HP13159; Meru-Linex; Aruba_Linex_DE; Ruckus-Linex; Linex-NDCal
> **Subject:** Re: LINEX v. HP et al - Fees incurred by Finnegan
>
> Finnegan team:  we've not received a reply to my message below.
>
> Please provide the information requested by the close of business tomorrow, October 1 2014.
>
> Thank you,
>
> --Scott
>
> 
>
> **L. Scott Oliver**
> Partner
> K&L Gates LLP
> 630 Hansen Way
> Palo Alto, CA  94304
> Phone: 650.798.6768
> Mobile: 650.219.1133
> scott.oliver@klgates.com
> www.klgates.com
>
> On Sep 25, 2014, at 1:32 PM, "Oliver, L. Scott" <Scott.Oliver@klgates.com> wrote:
>
>> Finnegan team:
>>
>> On behalf of Aruba, Meru, Ruckus, HP and Apple, we hereby request that Finnegan provide us with:
>>
>> 1) The total fees billed by Finnegan in the District Court action and each timekeeper's billing rate, and, separately,
>> 2) The total fees billed by Finnegan in the ITC Investigation and each timekeeper's billing rate.

If all or some portion of those fees incurred were on a contingency basis and were thus not billed to Linex, please provide the number of hours per timekeeper and that timekeeper's standard billing rate (with detail as to changes to the standard rate over time as needed).

You may provide this to us as highly confidential/attorneys eyes only information.

As I'm sure you are aware, this is potentially relevant to Judge Wilken's award of fees.  See, for example, Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1287 (9th Cir. 2004) ( "[T]here is one particularly good indicator of how much time is necessary ... and that is how much time the other side's lawyers spent."); Hnot v. Willis Group Holdings Ltd., 2008 U.S. Dist. LEXIS 28312, at *9 (S.D.N.Y. Apr. 7, 2008) ("the amount that defense counsel actually charged defendants for its services…is a useful cross-check indicating that plaintiffs' request is not out of proportion to the magnitude of the litigation"); Howe v. Hoffman-Curtis Partners, Ltd. LLP, 2007 U.S. Dist. LEXIS 99244, at *3 (S.D. Tex. Apr. 13, 2007) ("To the extent defendants wish to argue the unreasonableness of plaintiffs' fees, discovery regarding their own fees is relevant and not unduly burdensome."); Real v. Continental Group, Inc., 116 F.R.D. 211, 213 (N.D. Cal. 1986) ("the hours expended by the defendant on matters pertaining to this case, counsel's hourly rates, as well as total billings and costs, are at least minimally relevant to the plaintiffs' fees and costs petition"); Ruiz v. Estelle, 553 F. Supp. 567, 584 (S.D. Tex. 1982) ("Federal courts have repeatedly noted the value of information concerning the defendants' counsel's time expenditure, in assessing the reasonableness of time claimed by plaintiffs."); Stastny v. Southern Bell Tel. and Tel. Co., 77 F.R.D. 662, 663 (W.D.N.C. 1978) ("In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative.")

Thank you,

--Scott

<image001.jpg>

4

**L. Scott Oliver**
Partner
K&L Gates LLP
630 Hansen Way
Palo Alto, CA  94304
Phone:  650.798.6768
Mobile: 650.219.1133
Fax: 650.644.0199
scott.oliver@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at Scott.Oliver@klgates.com.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.