UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINEX TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>    Defendants. | Case No. 13-cv-00159-CW   (MEJ)<br><br>**ORDER RE: DEFENDANTS' BILLS OF COSTS**<br><br>Re: Dkt. Nos. 342-3, 343, 378, 379, 398 |

### INTRODUCTION

Pending before the Court are bills of costs submitted by Defendants Apple Computer, Inc. (Apple, Dkt. No. 342-3), Hewlett-Packard Company (HP, Dkt. No. 343), Aruba Networks, Inc. (Aruba, Dkt. No. 378), Meru Networks, Inc. (Meru, Dkt. No. 379), and Ruckus Wireless, Inc. (Ruckus, Dkt. No. 398). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following Order.

### BACKGROUND

This is a patent infringement case. On May 20, 2014, the district court construed the parties' disputed claim terms and entered summary judgment in favor of Defendants and against Plaintiff Linex Technologies, Inc. ("Linex"). Dkt. No. 333. The court further ordered that Defendants should recover their costs from Linex. *Id.* On July 30, 2014, the district court referred determination of Defendants' bills of costs to the undersigned. Dkt. No. 399.

### LEGAL STANDARD

**A.   Awarding Costs Generally**

Federal Rule of Civil Procedure 54(d)(1) provides that, following entry of judgment: "costs—other than attorney's fees—should be allowed to the prevailing party . . . ." Fed. R. Civ.

P. 54(d). This rule creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion. Fed. R. Civ. P. 54(d)(1); *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The losing party has the burden to "show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) (upholding award in action to challenge route of light rail line). Title 28 U.S.C. § 1920 limits the types of costs that a court may award under Rule 54 to the following:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Civil Local Rule 54-3 provides guidance regarding the taxable costs in each category allowed under § 1920.

Under the local rules, a prevailing party claiming taxable costs must serve a bill of costs no later than 14 days after entry of judgment, stating "separately and specifically each item of taxable costs claimed." Civil L.R. 54-1(a). The party seeking costs must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed." *Id.*; *see also* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item . . . shall attach thereto an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.").

Courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs, *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969), but must specify reasons for refusing to award costs, *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591-92 (citation omitted).

**B.   Awarding Costs in Patent Litigation**

In assessing costs under Rule 54(d) in patent litigation, the Federal Circuit has adopted the two-step inquiry outlined in *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). First, there is a threshold

2

inquiry as to whether a party is a prevailing party, after which the court uses its discretion to determine whether and how much to award in costs. *See Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). Whether a party is a "prevailing party" is a matter of federal circuit law. *Id.* at 1182-83. A party "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties." *Id.* at 1182 (quoting *Farrar*, 506 U.S. at 111-13). There may only be one prevailing party. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).

Regional circuit law guides the second *Farrar* step, whether the court should exercise its discretion to award costs. *Manildra*, 76 F.3d at 1183. As noted, Rule 54(d)(1) creates a presumption in favor of awarding costs to prevailing parties. The Ninth Circuit has held that proper grounds for denying costs under Rule 54 include:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

*Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (internal citation and quotation marks omitted).

## DISCUSSION

### A. Entitlement to Costs and/or Deferring Determination of Costs Pending Appeal

Linex first argues that the Court should deny Defendants all costs or, in the alternative, defer awarding costs under after the parties' appeals are decided. *See* Dkt. No. 387 at 1-4.

The Court finds no reason to depart from the presumption in favor of awarding costs in this case. This is not an "extraordinary" case where such a departure might be warranted. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 593 (finding no reason "why, in the circumstances, it would be inappropriate or inequitable to award costs"). Indeed, Linex's only argument for denying Defendants their costs entirely is that, in Linex's view, Defendants' bills of costs are inflated. Dkt. No. 387 at 3-4.

The Court further finds that there is no basis to defer awarding costs until after a ruling on

the appeals. As an initial matter, Linex has not moved for a stay as would have been procedurally proper. Instead, Linex has raised this issue as an objection to Defendants' bills of costs. However, even if the Court were to consider Linex's request, it fails on its merits because Linex has not shown that it would be irreparably harmed absent a stay. *Asis Internet Servs. v. Optin Global, Inc.*, 2008 WL 5245931, at *1 (N.D. Cal. Dec.17, 2008), *aff'd*, 357 F. App'x 112 (9th Cir. 2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also City of Alameda v. Nuveen Mun. High Income Opp. Fund*, 2012 WL 177566, at *2 (N.D. Cal. Jan. 23, 2012).

**B.      Apportionment of Costs**

Linex next contends that the Court should apply a blanket reduction to Defendants' claimed costs for two reasons: (1) Defendants are entitled to a maximum of 53% of their costs because that was the portion the district court found "exceptional" for purposes of awarding attorneys' fees; and (2) Defendants' claimed costs should be reduced by 89% because the district court adopted nine out of ten of Linex's proposed claims constructions. Dkt. No. 387 at 4-7.

With respect to Linex's suggestion of a 53% reduction, Linex conflates the standard for awarding costs with the standard for awarding attorneys' fees. As detailed above, there is a presumption in favor of awarding costs to the prevailing party. By contrast, attorneys' fees are awarded only in exceptional cases. 35 U.S.C. § 285. In this case, the district court found that only a portion of Linex's conduct merited awarding attorney's fees. Dkt. No. 413 at 9-13. However, this standard has no bearing on Defendants' entitlement to reimbursement of their costs and the Court will therefore not apply a 53% reduction to Defendants' costs.

The Court further rejects Linex's argument regarding its proposed 89% reduction. This argument implies that Linex considers itself to be the prevailing party as to 89% of its case. However, the Federal Circuit is clear that there can be only one prevailing party. *See Shum*, 629 F.3d at 1367. More importantly, the district court entered summary judgment in Defendants' favor, terminating all of Linex's remaining claims. Dkt. No. 333. Defendants are therefore the prevailing parties here. *See Manildra Mill Corp.*, 76 F.3d at 1182. The Court finds that Linex is not entitled to an 89% reduction in Defendants' claimed costs.

4

**C. Costs**

Having addressed Linex's general objections, the Court now turns to each Defendant's claimed costs and assesses whether they should be awarded.

1. <u>Apple</u>

Defendant Apple claims total costs of $1,229,436.43. Apple's costs are broken down as follows: (1) for service of summons and subpoena – $185.00; (2) for printed or electronically recorded transcripts necessarily obtained for use in the case – $45,979.74; and (3) for exemplification and the costs of making copies where the copies are necessarily obtained for use in the case – $1,183,271.69. Dkt. No. 342-3. The Court will address each category in turn.

*a. Subpoenas*

With respect to the $185.00 for service of a deposition subpoena, Linex argues that its current counsel would have accepted service on behalf of its former counsel, to whom the subpoena was directed. Dkt. No. 387 at 25. Apple states that it attempted to contact the individual to whom the subpoena was directed but was unsuccessful. To ensure that individual's deposition was timely taken, Apple served this subpoena. Dkt. No. 342-4, ¶ 39. The Court finds that this expense was necessarily incurred and awards this cost to Apple.

*b. Depositions and Transcripts*

With respect to the $45,979.74 for transcripts, Linex makes several objections: (1) Apple should not recover deposition costs associated with the related International Trade Commission ("ITC") investigation; (2) Apple should not recover deposition costs related to damages issues; and (3) Apple should not recover deposition costs beyond those associated with the original and one copy of each deposition.[1]

Regarding deposition costs related to the ITC investigation, the Court agrees with Linex that Apple should not recover for depositions taken during the ITC investigation. Apple asserts that the parties agreed to re-use the deposition testimony from the ITC investigation in this case, presumably to save time and money. Dkt. No. 396-2 at 7. Moreover, several of the deponents

---

[1] Linex does not dispute Apple's claimed cost of $214.89 for a hearing transcript. The Court agrees that this is a valid cost and therefore awards it to Apple.

5

were deposed again in connection with this case due to Linex's assertion of an additional patent. Dkt. No. 396-2 at 7-8. Although the parties agreed to re-use the ITC deposition testimony, it was still necessary to question several witnesses a second time in relation to this case. Thus, the Court is not convinced that the expenses related to taking the ITC depositions were necessarily incurred in this case. The Court will therefore not award the costs associated with depositions taken during the ITC investigation as documented in Schedule I to Apple's bill of costs, and reduces the claimed amount by $13,643.25.

Regarding deposition costs related to damages issues, Linex argues that Apple should not recover these costs because damages were never considered by the district court in this case. However, the Court finds that it was reasonable for Apple to conduct damages-related discovery, particularly since Linex asserted a large damages claim in this case. Therefore, these costs were necessarily incurred and the Court awards them to Apple.

Finally, Linex objects to certain "extra" costs related to Apple's deposition costs. Civil Local Rule 54-3(c)(1) allows for "[t]he cost of an original and one copy of any deposition (including video taped depositions) taken for any purpose . . . ." Linex objects that Apple's claimed costs include items such as rough drafts, RealTime, and processing/repository. The Court finds that processing fees appear to be inextricable from the cost of producing the original or a copy of a deposition, and therefore will allow those costs. However, Apple cites no authority that would permit it to recover the additional costs, given that they go beyond what the Local Rule permits. Accordingly, the Court disallows Apple's claimed costs as follows: $469.50 for the rough draft related to the deposition of Ashok Chandran; $729.00 for the rough draft and RealTime related to the deposition of Alice Chan; and $1321.25 for the interactive RealTime transcript related to the deposition of Walter Bratic.

Accordingly, the Court reduces Apple's claimed costs in this category by a total of $16,163.00. Apple may recover costs in this category of $29,816.74.

        *c. Exemplification and Copies*

With respect to the $1,183,271.69 for exemplification and copies, Linex makes several objections: (1) Apple is not entitled to recover fees for services not analogous to the making of

6

1  copies; (2) Apple unnecessarily reproduced documents that had already been produced in the ITC
2  investigation and that were subject to a stipulation that they need not be reproduced in this case;
3  and (3) Apple should not be permitted to recover fees incurred in the creation of trial graphics.
4  Dkt. No. 387 at 15-25.  The Court shall address each issue in turn.

Title 28 U.S.C. § 1920(4) provides that a court may tax "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Civil Local Rule 54-3(d)(2) interprets this provision to encompass "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case."  "Taxable costs of copying client documents include the costs of collecting documents, reviewing those documents, and determining which are relevant."  *eBay, Inc. v. Kelora Sys., LLC*, 2013 WL 1402736, at *5 (N.D. Cal. Apr. 5, 2013) (citation omitted).  However, only those costs analogous to exemplification and copy-making are recoverable.  *Id.*  Thus, for example, "intellectual efforts involved in the production of discovery—including the research, analysis, and distillation of data incurred in the preparation of documents (as opposed to the cost of physically preparing the documents)—are not taxable costs."  *Id.* (alteration, citation, and internal quotation marks omitted).  Courts within the Northern District have awarded costs under this provision for "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion."  *Id.* at *7.  Importantly, e-discovery hosting costs and associated fees are not compensable.  *See, e.g.*, *id.* at *17 ("[T]he court does not tax hosting fees or user charges."); *see also Ancora Techs., Inc. v. Apple, Inc.*, 2013 WL 4532927, at *3-4 (N.D. Cal. Aug. 26, 2013) (declining to award costs associated with electronic hosting of documents).

Additionally, Linex objects that Apple should not recover the FedEx costs associated with its e-discovery costs.  This cost is generally not recoverable.  *See Intermedics, Inc. v. Ventritex, Inc.*, 1993 WL 515879, at *3 (N.D. Cal. Dec. 2, 1993) ("The normal practice in the Northern District is to disallow any postage and handling charges that exceed the rate of regular first-class

7

mail plus handling.").

The Court finds that Apple cannot recover the license fees and FedEx charges it claims and therefore disallows Apple's claimed exemplification and copying fees as follows: (1) $275,594.72 as set forth in Exhibit 4 to Apple's Schedule D; (2) $581,827.41 as set forth in Exhibit 7 to Apple's Schedule G; and (3) $66,582.72 as set forth in Exhibit 8 to Apple's Schedule H.  After subtracting the disallowed costs, Apple may recover: (1) $4,327.66 of the claimed costs in Schedule D; (2) $126,546.70 of the claimed costs in Schedule G; and (3) $85,101.01 of the claimed costs in Schedule H.

Linex next contends that Apple cannot recover costs related to the production of documents incurred in the ITC investigation.  Contrary to the Court's finding with respect to recovery of depositions taken during the ITC deposition, the Court finds that these costs are recoverable.  Had the ITC investigation not taken place, Apple would have incurred the same document production-related costs in this case that it incurred producing those documents during the ITC investigation.  *See Monolithic Power Sys., Inc. v. O2 Micro Int'l, Ltd.*, No. 08-cv-04567 CW, Dkt. No. 449, at *16 (N.D. Cal. Mar. 3, 2011).

Finally, Linex argues that Apple should not recover the costs associated with the production of trial graphics, both because they include nontaxable charges and because they were generally unnecessary given that they were incurred months in advance of the scheduled jury trial.  Dkt. No. 387 at 23-24.

Before addressing Linex's objections to the inclusion of specific costs, it was not unreasonable, particularly in a case of this magnitude, for Apple to incur costs related to trial exhibits several months in advance of trial.  The Court therefore finds that these costs were, in general, necessarily incurred in this case.

With respect to Linex's individual objections, the Court finds that Apple has provided sufficient detail from which the Court can conclude that these costs are generally recoverable.  The accused patents in this case were highly technical and complex, necessitating detailed exhibits to assist the Court and any jury in understanding the technology.  Apple and HP shared the costs in this area, with each party paying half.  Of Apple's half, it seeks to recover only $43,291.47 of the

$63,517.50 it paid. While these costs are generally recoverable, only costs associated with the physical preparation of demonstratives may be recovered. *Ancora Techs.*, 2013 WL 4532927, at *5. "[C]osts associated with the intellectual effort involved in creating the content of demonstratives are not recoverable." *Id.* (citation and internal quotation marks omitted). The Court finds that certain of Apple's claimed costs are more akin to intellectual effort than they are to recoverable physical preparation, and therefore disallows those costs. Specifically, (1) from invoice 3998-B – $988.93 for expenses; and (2) from invoice 4019-B – $440.00 for project management, $1,671.35 for production charges, and $227.31 for expenses, for a total deduction of $3,327.59.[2]

In this category, the Court awards Apple total taxed costs of $255,939.25. The Court awards Apple total taxed costs of $285,940.99.

2. HP

Defendant HP claims total costs of $727,266.96. HP's costs are broken down as follows: (1) for transcripts – $51.30;[3] (2) for witnesses – $139.00; (3) for exemplification and the costs of making copies – $675,902.86; and (3) for "other costs" – $51,173.80. Dkt. No. 343. The Court will address each category in turn.

*a. Witness Fees*

Linex objects to HP's claimed costs of $139.00 for service of deposition subpoenas, the same objection it made with respect to Apple's service of a deposition subpoena. For the same reasons set forth above, the Court awards $139.00 to HP in this category.

*b. Exemplification and Copies*

Linex objects to HP's claimed costs in this category for many of the same reasons it objects to Apple's costs in this category.

For the reasons set forth above, the Court concludes that HP's costs related to the hosting

---

[2] To the extent Defendants shared in the payment of costs the Court disallows, Defendants are ORDERED to reapportion those disallowed costs amongst themselves to account for the portion of each disallowed cost that each Defendant paid.
[3] Linex does not object to HP's claimed costs for a hearing transcript. Dkt. No. 383 at 22. Accordingly, the Court awards $51.30 to HP in this category.

1  of electronic data are not recoverable. Thus, the Court disallows HP's claimed exemplification
2  and copying costs in the amount of $356,194.90 for hosting fees. *See* Dkt. No. 343-6. Linex also
3  objects to HP's claimed costs of $233,038.44 for document production related to the ITC
4  investigation. Dkt. No. 383 at 24. As the Court stated above with respect to Apple's ITC-related
5  document production costs, had the ITC investigation not taken place, HP would have incurred the
6  same document production-related costs in this case that it incurred producing those documents
7  during the ITC investigation. *See Monolithic Power Sys.*, No. 08-cv-04567 CW, Dkt. No. 449, at
8  *16. Accordingly, the Court will not disallow these claimed costs on that basis.

9      Linex further objects to HP's claimed exemplification costs on the grounds that many of
10 the claimed functions for which it seeks recovery are not compensable. HP has provided the Court
11 with a declaration detailing what each of the line item costs it claims entailed. Dkt. No. 343-1.
12 HP claims costs related to the loading and processing of data, designed to make the data usable,
13 actual data production costs, and migration and restoration costs designed to move the data –
14 already stored in another database – into this database for use in the litigation. *Id.* ¶¶ 8-10. The
15 Court finds that these costs are sufficiently analogous to copying and are not noncompensable
16 "intellectual effort." *See eBay, Inc.*, 2013 WL 1402736, at *7. Therefore, the Court awards HP
17 the remainder of its claimed costs related to electronic discovery.

18     Finally, Linex contends that HP should not recover costs associated with the production of
19 trial graphics, for the same reasons it objects to Apple's recovery of costs in this category. As
20 noted above, Apple and HP shared the costs in this area, with each party paying half. For the
21 same reasons the Court permits Apple to recover its costs in this category, HP may also recover its
22 claimed costs in this category. However, only costs associated with the physical preparation of
23 demonstratives may be recovered. *Ancora Techs.*, 2013 WL 4532927, at *5. "[C]osts associated
24 with the intellectual effort involved in creating the content of demonstratives are not recoverable."
25 *Id.* (citation and internal quotation marks omitted). The Court finds that certain of HP's claimed
26 costs are more akin to intellectual effort than they are to recoverable physical preparation, and
27 therefore disallows those costs. Specifically, the Court disallows: (1) from invoice 3494 –
28 $100.00 for client communications; (2) from invoice 3513 – $600.00 for project coordination and

10

1  $600.00 for reviewing expert reports and collecting related case materials; (3) from invoice 3531 –
2  $800.00 for project management, $617.50 for production charges, and $1,248.47 for expenses; (4)
3  from invoice 3939 – $7,039.45, the entirety of the claimed costs; (5) from invoice 3965 – $157.50
4  for scheduling, logistics, and case coordination; (6) from invoice 3998-A – $988.93; and (7) from
5  invoice 4019-A – $440.00 for project management, $1,671.35 for production charges, and $227.31
6  for expenses, for a total deduction of $14,490.51.

In this category, the Court awards HP total taxed costs of $305,217.45.

       *c.*      *Other Costs – Depositions*

HP seeks to recover $51,173.80 in costs related to the taking of depositions. Linex objects, for the same reasons it objects to Apple's costs in this category.

Linex argues that, with respect to certain depositions, HP is claiming costs for transcript versions that go beyond the original and one copy permitted by local rule. HP counters that, although it sometimes claims a cost related to a rough draft, or a RealTime transcript, courts in this District permit recovery for any combination of two versions of a deposition transcript. Dkt. No. 377 ¶ 6 (citing *Ancora Techs., Inc.*, 2013 WL 4532927, at *5-6). HP asserts that it never seeks the costs associated with more than the original and one copy the rule permits. *Id.* The Court agrees that HP's claimed costs are compensable, and will not disallow them on this basis.

However, Linex further contends, as it did with respect to Apple, that deposition costs related to the ITC investigation are not compensable here. Dkt. No. 383 at 12-13. For the reasons set forth above, the Court concludes that these costs are not compensable and therefore disallows HP's claimed costs in the amount of $10,919.28 for ITC deposition costs.

In this category, the Court awards HP total taxed costs of $40,254.52. The Court awards HP total taxed costs of $345,471.87.

      3.    <u>Aruba</u>

Defendant Aruba claims total costs of $44,922.73. Aruba's costs are broken down as follows: (1) for transcripts – $30,861.87; and (2) for exemplification and the costs of making copies – $14,060.86. Dkt. No. 378. The Court will address each category in turn.

*a.   Transcripts*

Aruba's claimed costs in this category fall into three groups: (1) depositions taken during the ITC investigation; (2) depositions taken during this litigation; and (3) a hearing transcript from this litigation. Linex does not oppose the hearing transcript from this litigation, and the Court therefore awards Aruba the $51.30 it claims for this transcript.

With respect to the depositions taken during the ITC investigation, as the Court has previously ruled, these costs are not recoverable for the reasons stated above. Accordingly, the Court disallows Aruba's claimed costs in the amount of $12,561.27.

With respect to Aruba's claimed costs of $18,249.30 for depositions taken during this matter, Linex objects that they include non-taxable items, and that some of the depositions encompass issues not relevant to claim construction and summary judgment. The Court disagrees, for the reasons set forth above with respect to Apple's claimed deposition costs. Aruba clearly sets forth the amount claimed for each deposition, and the precise amounts claimed for the transcripts, the related exhibits, and, when applicable, the cost of a videographer. The Court finds that these are compensable costs, and therefore awards Aruba the full $18,249.30 it seeks.

In this category, the Court awards Aruba total taxed costs of $18,300.60.

*b.   Exemplification and Copies*

With respect to the $7,859.71 Aruba seeks for reproduction and exemplification in this case, Linex's main objection is the apportionment objection the Court rejected above. *See* Dkt. No. 382 at 12. The Court therefore awards Aruba the $7,859.71 it seeks. For the same reasons set forth with respect to Apple's claimed costs, the Court also rejects Linex's argument that Aruba's claimed costs for document production in the ITC investigation are not compensable. The Court therefore awards Aruba the $1,365.62 it seeks for document production related to the ITC investigation.

Linex further objects to Aruba's claimed costs for various instances of "Depo Prep," "Linex Trial Exhibits," and "in-house copying." *See* Dkt. No. 378. The Court agrees that these costs are noncompensable because they were incurred for the convenience of counsel. *See eBay, Inc.*, 2013 WL 1402736, at *5-7. Accordingly, the Court disallows Aruba's claimed costs for

12

these items in the total amount of $4,835.53.

In this category, the Court awards Aruba total taxed costs of $9,225.33. The Court awards Aruba total costs of $27,525.93.

4. <u>Meru</u>

Defendant Meru claims total costs of $30,564.36. Meru's costs are broken down as follows: (1) for transcripts – $20,696.81; and (2) for exemplification and the costs of making copies – $9,867.55. Dkt. No. 379. The Court will address each category in turn.

   *a.*  *Transcripts*

Meru's claimed costs in this category fall into three groups: (1) depositions taken during the ITC investigation; (2) depositions taken during this litigation; and (3) a hearing transcript from this litigation. Linex does not oppose the hearing transcript from this litigation, and the Court therefore awards Meru the $51.30 it claims for this transcript.

With respect to the depositions taken during the ITC investigation, as the Court has previously ruled, these costs are not recoverable for the reasons stated above. Accordingly, the Court disallows Meru's claimed costs in the amount of $12,521.06.

With respect to Meru's claimed costs of $8,124.45 for depositions taken during this matter, Linex objects that they include non-taxable items, and that some of the depositions encompass issues not relevant to claim construction and summary judgment. The Court disagrees, for the reasons set forth above with respect to Apple's claimed deposition costs. Meru clearly sets forth the amount claimed for each deposition, and the precise amounts claimed for the transcripts and the related exhibits. The Court finds that these are compensable costs, and therefore awards Meru the full $8,124.45 it seeks.

In this category, the Court awards Meru total taxed costs of $8,175.75.

   *b.*  *Exemplification and Copies*

With respect to the $9,867.55 Meru seeks for reproduction and exemplification in this case, Linex argues that: (1) the claimed costs for document production are not compensable because they were all incurred in the ITC investigation; and (2) the claimed copying costs are not compensable because they were incurred solely for the convenience of counsel. Dkt. No. 384 at

13

11-13. As the Court ruled above, costs for document production incurred during the ITC investigation are compensable, and Meru may therefore recover the $9,296.00 it seeks. However, the Court agrees with Linex that the copying costs – related as they are to trial exhibits – were not necessarily incurred, and therefore disallows Meru's claimed cost of $571.55.

In this category, the Court awards Meru total taxed costs of $9,296.00. The Court awards Meru total costs of $17,471.75.

### 5. Ruckus

Defendant Ruckus claims total costs of $173,149.25.[4] Ruckus's costs are broken down as follows: (1) for service of subpoenas – $85.00; (2) for transcripts – $25,083.41; and (3) for exemplification and the costs of making copies – $147,980.84. Dkt. No. 398. The Court will address each category in turn.

#### *a.  Subpoena*

Ruckus claims costs of $85.00 for service of a subpoena on Qualcomm Atheros. Linex does not dispute this cost. Dkt. No. 385-1 at 3. Accordingly, the Court awards this cost to Ruckus.

#### *b.  Transcripts*

The costs Ruckus seeks in this category fall into three groups: (1) depositions taken during the ITC investigation; (2) depositions taken during this litigation; and (3) a hearing transcript from this litigation. Linex does not oppose the hearing transcript from this litigation, and the Court therefore awards Ruckus the $200.00 it claims for this transcript.

With respect to the depositions taken during the ITC investigation, as the Court has previously ruled, these costs are not recoverable for the reasons stated above. Accordingly, the Court disallows Ruckus's claimed costs in the amount of $12,884.56.

With respect to Ruckus's claimed costs of $11,998.85 for depositions taken during this matter, Linex objects that they include non-taxable items, and that some of the depositions

---

[4] Ruckus appears to have miscalculated the costs it claims as $172,864.25. Dkt. No. 398. The Court's analysis proceeds from the assumption that Ruckus actually intended to claim costs in the amount of $173,149.25.

14

1  encompass issues not relevant to claim construction and summary judgment.  The Court disagrees,
2  for the reasons set forth above with respect to Apple's claimed deposition costs.  Ruckus clearly
3  sets forth the amount claimed for each deposition, and the precise amounts claimed for the
4  transcripts, the related exhibits, and, when applicable, the cost of a videographer.  The Court finds
5  that these are compensable costs, and therefore awards Ruckus the full $11,998.85 it seeks.
6  In this category, the Court awards Ruckus total taxed costs of $12,198.85.

            *c.*       *Exemplification and Copies*

8  Ruckus seeks total costs of $147,980.84 for reproduction and exemplification.  Linex
9  argues that Ruckus impermissibly seeks: (1) costs related to document production in the ITC
10  investigation; (2) costs for non-taxable expenses; and (3) non-recoverable costs related to the
11  production of trial graphics in the ITC investigation.
12  As the Court has already stated, although costs for document production in the ITC
13  investigation are recoverable, database hosting fees are not, and the Court therefore disallows
14  costs for this service in the total amount of $111,038.13.
15  Within this category, Ruckus also seeks costs of $18,336.51 related to graphics production.
16  Specifically, Ruckus seeks $797.04 associated with invoice 3494; $3600.27 associated with
17  invoice 3513; and $13,939.20 associated with invoice 3531.  *See* Dkt. No. 398.
18  Only costs associated with the physical preparation of demonstratives may be recovered.
19  *Ancora Techs.*, 2013 WL 4532927, at *5.  "[C]osts associated with the intellectual effort involved
20  in creating the content of demonstratives are not recoverable."  *Id.* (citation and internal quotation
21  marks omitted).  The Court finds that certain of Ruckus's claimed costs are more akin to
22  intellectual effort than they are to recoverable physical preparation, and therefore disallows those
23  costs.  Specifically, the Court disallows: (1) from invoice 3494 – $100.00 for client
24  communications; (2) from invoice 3513 – $600.00 for project coordination and $600.00 for
25  reviewing expert reports and collecting related case materials; and (3) from invoice 3531 –
26  $800.00 for project management, $617.50 for production charges, and $1,248.47 for expenses, for
27  a total of $3,965.97.  Thus, Ruckus may recover $14,370.54 related to graphics production.
28  In this category, the Court awards Ruckus total taxed costs of $32,976.74.  The Court

15

awards Ruckus total costs of $45,260.59.

## CONCLUSION

Based on the analysis above, the Court taxes costs as follows:

1. To Apple – $285,940.99;
2. To HP – $345,471.87;
3. To Aruba – $27,525.93;
4. To Meru – $17,471.75; and
5. To Ruckus – $45,260.59.

**IT IS SO ORDERED.**

Dated: October 30, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge