**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINEX TECHNOLOGIES, INC., | No. C 13-159 CW |
| Plaintiff, | ORDER ON ADMINISTRATIVE MOTIONS TO SEAL AND ADMINISTRATIVE MOTION FOR IN CAMERA REVIEW |
| v. | |
| HEWLETT-PACKARD COMPANY; APPLE COMPUTER INC.; ARUBA NETWORKS, INC.; MERU NETWORKS, INC.; RUCKUS WIRELESS, | |
| Defendants. | (Docket Nos. 344, 345, 346, 375, 381, 417, 419, 420, 423, 426, 430) |
| _____/ | |

Before the Court are several administrative motions to seal and one motion for _in camera_ review.  The Court first addresses the motions to seal.

Pursuant to Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  Any sealing request must be narrowly tailored to cover only sealable material.  Id.  The request must be supported by the designating party's declaration establishing that the information is sealable.  Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point."  Id.  The documents sought to be filed

under seal in this case are related to motions for attorneys'
fees, a non-dispositive motion.  A party seeking to seal materials
related to non-dispositive motions must show good cause by making
a "particularized showing" that "specific prejudice or harm will
result" should the information be disclosed.  Id. at 1179-80; Fed.
R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential
harm" will not suffice.  Foltz v. State Farm Mut. Auto. Ins. Co.,
331 F.3d 1122, 1131 (9th Cir. 2003).

The Court now assesses each motion in turn.

| Docket No. | Ruling |
|---|---|
| 344 | Defendant Hewlett-Packard Company (HP) seeks permission to file under seal the following materials, submitted in support of HP's motion for attorneys' fees, which contain information regarding the attorneys' and staff's hourly rates: page 2, lines 14-22, 24 and 27 of the Plimack Declaration and Exhibit A to the Plimack Declaration.  In support of its motion to seal, HP submits a declaration from Deanna L. Kwong of Covington & Burling LLP, HP's retained law firm, claiming that releasing the materials to the public record would competitively disadvantage HP and Covington in negotiating future fee agreements with firms or clients.<br><br>This justification does not constitute a "particularized showing" of harm necessary to rebut |

United States District Court
For the Northern District of California

the presumption of public access to court filings. "[B]road, conclusory allegations of potential harm" will not suffice. <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1131 (9th Cir. 2003). It is commonplace for the number of hours billed and the hourly rate of attorneys to be openly filed on court dockets; without this information the final fees award appears to be drawn from thin air. Furthermore, this type of information is clearly not privileged. <u>See</u> <u>Ferrington v. McAfee</u>, 2013 WL 3814474 (N.D. Cal.) (denying motion to seal billing records) (<u>quoting</u> <u>Real v. Cont'l Group, Inc.</u>, 116 F.R.D. 211, 231 (N.D. Cal. 2013)). The Court denies the motion to seal.

Accordingly, the motion is DENIED (Docket No. 344).

345 (with Errata noted in Docket Nos. 354 and 355)

Defendants Aruba, Meru and Ruckus seek permission to file under seal several different types of materials. The Court considers this request in several parts, according to the content of the material. First, these Defendants seek to seal the following materials containing information regarding the attorneys' billing rates and fees: Exhibits A and B to the Brun Declaration, Exhibits A and B to the Oliver Declaration in support of Meru's motion for attorneys' fees and Exhibits A and B to the Oliver Declaration in support of Ruckus's motion

United States District Court
For the Northern District of California

1  for attorneys' fees.  In support of their motion to

2  seal, these Defendants offer a declaration from L.

3  Scott Oliver, which states that the billing rates

4  and fees "are highly confidential and proprietary to

5  the law firms involved."  On identical reasoning as

6  the Court's discussion of the motion to seal at

7  docket number 344, above, the Court finds that the

8  motion to seal these documents must be denied.

9       Second, these Defendants seek to seal Exhibit E

10  to the Brun Declaration, on the basis that it

11  contains confidential technical information.

12  Exhibit E is seven pages from the deposition of

13  expert witness Walter Bratic.  As explained in the

14  declaration from L. Scott Oliver, this material

15  contains "confidential technical information

16  regarding how Defendants' products function, [and]

17  their licenses with third parties. . . ."  The Court

18  finds that this request is narrowly-tailored and

19  falls within the class of materials that may be

20  filed under seal.  Accordingly, the motion will be

21  granted as to this material.

22       Third, these Defendants seek to seal portions

23  of their motion for attorneys' fees.[1]  Those portions

24

25       [1] The Court notes that counsel's filing does not comply with

26  this District's Civil Local Rule 79-5(d)(1)(D) which requires that
   the unredacted version of the document sought to be filed under

27  seal "indicate, by highlighting or other clear method, the
   portions of the document that have been omitted from the redacted

28  version. . . ."  In this instance, court staff took the time to

4

are: page 6, lines 23-27; page 8, lines 22-25; page 9, lines 15-24 and footnotes 5-7; page 11, lines 15-21; and page 12, lines 3-7 and footnote 11. The Oliver Declaration argues, and the Court finds, that these redactions are confidential technical information regarding how Defendants' products function, their licenses with third parties and confidential business information. The Court finds that this request is narrowly-tailored and falls within the class of materials that may be filed under seal. Accordingly, the motion will be granted as to the above-listed redactions.

Fourth, these Defendants seek to file under seal Exhibit D to the Brun Declaration on the basis that it is designated by Linex as confidential. Pursuant to the District's Local Rule, Linex filed a declaration in support of sealing this document. Exhibit D is about ten pages from the expert report of Walter Bratic. Linex argues that the information is confidential, sensitive business information regarding Linex's licenses and financial terms. The Court finds that this request is narrowly-tailored and falls within the class of documents that may be filed under seal. The motion will be granted as to this material.

compare the two documents; in the future, non-compliant motions will be denied outright.

1    Accordingly, the motion is DENIED in part and

2    GRANTED in part (Docket No. 345).

3    346    Defendant Apple seeks permission to file under

4    seal several different types of materials.  The

5    Court considers this request in several parts.

6    First, Apple seeks to seal portions of its and HP's

7    motion for attorneys' fees.  In support of its

8    motion to seal, Apple submits a declaration of

9    Elizabeth M. Reilly of Wilmer Cutler Pickering Hale

10   and Dorr LLP (WilmerHale), Apple's retained law

11   firm.  With regard to the motion for fees, Reilly

12   declares that Apple does not maintain a claim of

13   confidentiality, but that Linex and/or other

14   Defendants may consider the information

15   confidential.  The only party who filed a

16   declaration within the four-day deadline established

17   by Local Rule 79-5(e)(1) is Linex; Linex's

18   declaration states that it does not consider the

19   redacted information to be confidential.  As such,

20   Apple's motion to file portions of its and HP's

21   motion for attorneys' fees under seal must be

22   denied.  A review of the redactions reveals that

23   good cause may exist for permitting the redactions

24   to stand; however, the record does not appear to

25   contain any declarations justifying the redactions.

26   The Court will modify the otherwise-applicable

27   procedure provided in Civil Local Rule 79-5(f)(3) to

28

permit Apple to resubmit its administrative motion with respect to this document.  For each proposed redaction, the Court instructs Apple either to justify the redaction through its own declarations or to specify which party it believes to be the designating party charged with the responsibility to file a declaration pursuant to Civil Local Rule 79-5(e)(1). The Court grants Apple seven days from the date of this order to file its resubmission. Thereafter, the designating party will have an opportunity to file a declaration in support of sealing the document, pursuant to Civil Local Rule 79-5(e)(1).

Second, Apple seeks to seal Exhibit A to the Reilly Declaration and Exhibit A to the Scarsi Declaration on the grounds that they contain sensitive information regarding the attorneys' billing rates and fees.  Both exhibits contain hourly billing rates for Apple's counsel, as well as the number of hours billed.  In support of its motion to seal, Reilly declares that public filing of this information "could provide insight into WilmerHale's billing structure and WilmerHale's confidential financial relationship with Apple." Reilly further declares that publication could "cause harm."  On identical reasoning as the Court's discussion of the motion to seal at docket number

344, above, the Court finds that the motion to seal these documents must be denied.

Third, Apple moves for leave to file under seal Exhibits 1, 4 and 5 to the Liao Declaration on the basis that they contain sensitive technical and/or financial information about the parties' products. Exhibit 1 is an excerpt from Prucnal's initial expert report. Exhibit 4 is an excerpt from Bratic's expert report. Exhibit 5 is an excerpt from Prucnal's supplemental expert report regarding damages. As explained in the Reilly Declaration, this material contains "sensitive technical information pertaining to the defendants' products," "sensitive financial information," and "sensitive technical and/or financial information." The Court finds that this request is narrowly-tailored and falls within the class of documents that may be filed under seal. Accordingly, the motion will be granted as to this material.

Fourth, Apple moves for leave to file under seal Exhibits 2 and 6 to the Liao Declaration on the basis that they contain information that Linex may consider confidential. Exhibits 2 and 6 are excerpts from depositions taken of Donald Schilling. Linex filed a declaration in response, as required by Local Rule 79-5(e)(1), but its declaration does not address these two exhibits. As such, Apple's

8

motion will be denied as to this material.  However, a review of Exhibits 2 and 6 reveals that good cause may exist for permitting the Exhibits to be filed under seal.  The record does not appear to contain any declarations justifying the redactions.  The Court will modify the otherwise-applicable procedure provided in Civil Local Rule 79-5(e)(2) to permit Apple to resubmit its administrative motion with respect to these Exhibits.  For each Exhibit, the Court instructs Apple either to justify the sealing through its own declarations or to specify which party it believes to be the designating party charged with the responsibility to file a declaration pursuant to Civil Local Rule 79-5(e)(1). The Court grants Apple seven days from the date of this order to file its resubmission.  Thereafter, the designating party, if any, will have an opportunity to file a declaration in support of sealing the document, pursuant to Civil Local Rule 79-5(e)(1).

Fifth, Apple moves for leave to file under seal Exhibit 7 to the Liao Declaration because it is subject to a protective order from investigation 337-TA-775.  Exhibit 7 consists of two pages from a prehearing brief from the United States International Trade Commission.  The document is subject to a protective order and the Court finds it

**United States District Court**
For the Northern District of California

1    appropriate to grant Apple's motion for leave to

2    file the material under seal.

3            Accordingly, the motion is DENIED in part and

4    GRANTED in part (Docket No. 346).

5    375        Plaintiff Linex Technologies seeks permission

6    to file under seal several different types of

7    materials.  The Court considers this request in

8    several parts.  First, Linex seeks to seal Exhibit A

9    of the Ho Declaration.  Exhibit A is an excerpt from

10   a confidential brief from investigation 337-TA-775.

11   In support of its motion to seal, Linex submits a

12   declaration from Robert F. McCauley, in which

13   McCauley states that Exhibit A is subject to the

14   protective order of that investigation.  This being

15   the case, the Court finds it appropriate to permit

16   the material to be filed under seal.

17           Second, Linex seeks to file under seal

18   materials containing information designated by

19   Defendants as confidential business information.

20   Linex seeks to file under seal the following

21   portions of its opposition to Defendants' motion for

22   fees: page 1, lines 12-13 and 15; page 3, lines 8-

23   11; page 6, lines 6 and 9-10; page 6, line 24

24   through page 7, line 2; page 7, lines 4 and 5; page

25   10, lines 16-20; portions of footnote 5 beginning on

26   page 10 and continuing on page 11; page 11, line 3;

27   page 13, lines 11-13; page 15, lines 2-7 and 10-17;

28

page 16, lines 7-12 and 16-17; page 18, lines 10-12, 14-15 and 17-20; and page 19, lines 4-11, 13-16, 18-20.  Martin E. Gilmore filed a declaration and a corrected declaration on behalf of Apple; L. Scott Oliver filed a declaration on behalf of Aruba, Meru and Ruckus.  The Gilmore and Oliver Declarations speak to the redactions on pages 18 and 19 of the brief; they write that the redacted information is about attorney billing rates and maintain that it ought to be sealed because it provides facts regarding the firms' billing structure and is "confidential and proprietary."  The Court will not permit this information to be redacted, on identical reasoning as the Court's discussion of the motion to seal at docket number 344, above.  The Oliver Declaration also speaks to information on pages 10 to 11, which contains confidential technical information about Defendants' products.  The Court finds that this request is narrowly-tailored and falls within the class of materials that may be filed under seal.  Neither declaration addresses the remaining portions of the brief sought to be filed under seal.  Accordingly, the motion will be granted as to the redactions on pages 10 and 11 only.  A review of the redactions on pages 1, 3, 6-7, 13, 15 and 16 reveals that good cause may exist for permitting those redactions to stand; however, the

**United States District Court**
For the Northern District of California

record does not appear to contain any declarations justifying the redactions. The Court will modify the otherwise-applicable procedure provided in Civil Local Rule 79-5(f)(3) to permit Linex to resubmit its administrative motion with respect to this document. For each proposed redaction, the Court instructs Linex either to justify the redaction through its own declarations or to specify which Defendant it believes to be the designating party charged with the responsibility to file a declaration pursuant to Civil Local Rule 79-5(e)(1). The Court grants Linex seven days from the date of this order to file its resubmission. Thereafter, the designating party, if any, will have an opportunity to file a declaration in support of sealing the document, pursuant to Civil Local Rule 79-5(e)(1).

Next, Linex moves for leave to file under seal several documents containing sensitive technical and/or financial information about Defendants' products: pages 91, 92, 102 and 103 of Exhibit D to the Ho Declaration and Exhibits F, G, H, I, J, K, L, M and N to the Ho Declaration. Exhibit D is an excerpt from Prucnal's initial expert report, and the Gilmore and Oliver Declarations claim that Exhibit D and the redactions on pages 91, 92, 102 and 103 contain confidential technical information

12

United States District Court
For the Northern District of California

about Defendants' products.  The Court agrees that
this material may be filed under seal and grants
Linex's motion to that effect.  As the Gilmore and
Oliver Declarations explain, Exhibits F, H and N—the
expert report of Walter Bratic, the supplemental
expert report of Walter Bratic and the expert
rebuttal report of John L. Hansen, respectively—
discuss confidential information regarding sales and
licenses of Defendants' products.  Leave to file
these materials under seal will, therefore, be
granted.  Exhibit I is an excerpt from the
deposition transcript of Dave Quong; the Oliver
Declaration claims it contains confidential
information and public disclosure would harm Aruba.
The Court agrees that this material may be filed
under seal and the motion will be granted to that
effect.  Exhibit J is an excerpt from the deposition
transcript of Fred Harried; the Oliver Declaration
claims it contains confidential information
regarding Ruckus's component suppliers and public
disclosure would harm Ruckus.  The Court agrees that
this material may be filed under seal and will
therefore grant the motion to that effect.  Exhibit
K is an excerpt from the deposition transcript of
Mark Buckley; the Gilmore Declaration claims that
the materials contain information about Apple's
component suppliers and public disclosure would harm

Apple.  The Court agrees that this material may be filed under seal and accordingly grants the motion to that effect.

Finally, no party has filed a declaration claiming any confidentiality with respect to Exhibits G, L and M; accordingly Linex's motion for leave to file these materials under seal will be denied.  However, similar to the redactions to Linex's opposition brief discussed above, a review of Exhibits G, L and M reveals that good cause may exist for permitting the Exhibits to be filed under seal.  The Court will modify the otherwise-applicable procedure provided in Civil Local Rule 79-5(f)(3) to permit Linex to resubmit its administrative motion with respect to these Exhibits.  For each Exhibit, the Court instructs Linex either to justify the sealing through its own declarations or to specify which Defendant it believes to be the designating party charged with the responsibility to file a declaration pursuant to Civil Local Rule 79-5(e)(1). The Court grants Linex seven days from the date of this order to file its resubmission.  Thereafter, the designating party, if any, will have an opportunity to file a declaration in support of sealing the document, pursuant to Civil Local Rule 79-5(e)(1).

Accordingly, the motion is DENIED in part and

| | | |
|---|---|---|
| 1 | | GRANTED in part (Docket No. 375). |
| 2 | 381 | Defendants Aruba, Meru and Ruckus seek |

permission to file under seal portions of their
reply brief in support of their motion for
attorneys' fees.  These Defendants seek leave to
redact two portions: the redaction on page 3
contains confidential information regarding
attorneys' fees and the redaction on page 5 contains
information designated by Linex as confidential
business information.  With regard to the redactions
regarding attorney billing fees, the Court will not
permit this information to be redacted, on identical
reasoning as the Court's discussion of the motion to
seal at docket number 344, above.  With regard to
the redactions for which Linex is the designating
party, the request to file the material under seal
will be denied because Linex did not file a
declaration in support, as required by the
District's Civil Local Rule 79-5(e).  A review of
the redaction on page 5 reveals that good cause may
exist for permitting the redaction to stand;
however, the record does not appear to contain any
declarations justifying the redactions.  The Court
will modify the otherwise-applicable procedure
provided in Civil Local Rule 79-5(e)(2) to permit
Defendants to resubmit their administrative motion
with respect to this redaction.  The Court instructs

**United States District Court**
For the Northern District of California

1    Defendants either to justify the redaction through

2    their own declarations or to specify which party

3    they believe to be the designating party charged

4    with the responsibility to file a declaration

5    pursuant to Civil Local Rule 79-5(e)(1).  The Court

6    grants Defendants seven days from the date of this

7    order to file their resubmission.

8         Accordingly, the motion is DENIED (Docket No.

9    381).

10   417        Defendants Aruba, Meru and Ruckus seek

11   permission to file under seal information regarding

12   their attorneys' fees and billing rates: portions of

13   the Oliver Declaration and Exhibits A-O to the

14   Oliver Declaration.  The portions of the Oliver

15   Declaration that Defendants seek to redact give

16   hourly billing rates of Defendants' attorneys.  The

17   Court will not permit this information to be

18   redacted, on identical reasoning as the Court's

19   discussion of the motion to seal at docket number

20   344, above.  Exhibits A-O to the Oliver Declaration

21   are billing sheets for Defendants' attorneys.  In

22   his declaration supporting the sealing of these

23   documents, Oliver argues in part that public

24   disclosure of these billing sheets "would provide

25   insight into Defendants' confidential case

26   strategy. . . ."  However, the Court's review of

27   Exhibits A-O reveals that many of the entries are

28

16

commonplace attorney services that provide no
insight into legal strategy.  The Court therefore
finds that the motion to seal is not narrowly
tailored and denies the motion on that basis.  The
Court will modify the otherwise-applicable procedure
provided in Civil Local Rule 79-5(f)(2) to permit
Defendants to resubmit their administrative motion
with respect to these Exhibits.  The Court grants
Defendants seven days from the date of this order to
file their resubmission.

Defendants also seek leave to file under seal
Exhibit P to the Oliver Declaration.  Exhibit P
contains pages from the 2013 Report of the Economic
Survey, published by the American Intellectual
Property Law Association, and according to Oliver's
declaration filed in support of the motion to seal
the AIPLA restricts access to this document.
Pursuant to this District's Local Rule 79-5(e), a
party seeking leave to file a document designated as
confidential by a non-party must serve the
declaration in support on the non-party and must
file proof of service with the Court.  The docket
does not reflect that service on AIPLA was
accomplished.  Accordingly, the motion for leave to
file this material under seal will be denied for
failure to comply with the local rules.  Because it
appears that AIPLA, a non-party, may have an

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

interest in keeping the report confidential, the Court will permit Defendants to resubmit their administrative motion as to the report and to serve AIPLA properly with notice of the motion.  The Court grants Defendants seven days from the date of this order to file its resubmission.  Thereafter, AIPLA will have an opportunity to file a declaration in support of sealing the document, pursuant to Civil Local Rule 79-5(e)(1).

Finally, Defendants also seek leave to file under seal portions of their supplemental memorandum on attorneys' fees.  The redacted portions of the supplemental memorandum are billing rates for their attorneys or data taken from the AIPLA report.  To the extent that the information is hourly billing rates of their attorneys, the Court will not permit this information to be redacted, on identical reasoning as the Court's discussion of the motion to seal at docket number 344, above.  As for the redactions of information from the AIPLA report, the Court denies the motion on identical reasoning as the Court's discussion of the motion to seal the AIPLA report, above, but will permit Defendants to resubmit their administrative motion as to the redactions of information from the AIPLA report and to serve AIPLA properly with notice of the motion. The Court grants Defendants seven days from the date

**United States District Court**
For the Northern District of California

of this order to file its resubmission.  Thereafter,
AIPLA will have an opportunity to file a declaration
in support of sealing the document, pursuant to
Civil Local Rule 79-5(e)(1).

Accordingly, the motion is DENIED (Docket No.
417).

420     Defendant HP seeks permission to file under
seal portions of the declaration of Laura E.
Muschamp and two exhibits, filed in support of HP's
and Apple's supplemental submission in support of
their motion for attorneys' fees.  First, HP seeks
to seal portions of the declaration containing
business information: page 8, lines 7-11, 13-16 and
19-22 of the Muschamp Declaration.  HP filed a
declaration of Alan H. Blankenheimer in support of
its motion; the Blankenheimer Declaration states
that some of the redacted information is the
parties' confidential business information, as
designated under the Protective Order for this case.
The Court agrees that the above-listed information
from page 8 of the Muschamp Declaration is
confidential business information and it is
appropriate for HP to redact it from the public
record in this case.  HP's motion will be granted to
this effect.

HP also seeks leave to file under seal portions
of the Muschamp Declaration involving its attorneys'

United States District Court
For the Northern District of California

fees and billing: page 1, lines 17 and 27; page 2, lines 2, 6-8 and 11; page 3, line 8; page 5, lines 17, 22 and 26; page 7, line 27; page 9, line 5; page 10, lines 5, 10, 12-13, 16, 19, 21-22 and 24; page 11, lines 15, 18-20, 22, 24-26 and 28; page 12, line 3; page 14, lines 1-4; Exhibit 5; and Exhibit 6. The Blankenheimer Declaration seeks leave to file these materials under seal because the rates are negotiated in a confidential agreement between HP and its law firm and disclosure in the public record would disadvantage HP and its firm in future fee negotiations.  The Court will not permit this information to be redacted, on identical reasoning as the Court's discussion of the motion to seal at docket number 344, above.  HP's motion is denied as to the above-listed materials.

Accordingly, the motion is DENIED in part and GRANTED in part (Docket No. 420).

423     Defendant Apple seeks leave to file under seal materials involving its attorneys' fees and billing: portions of HP's and Apple's supplemental submission in support of their motion for attorneys' fees, portions of the Reilly Declaration filed in support of HP's and Apple's supplemental submission, Exhibits A and D to the Reilly Declaration and portions of the Scarsi Declaration filed in support of Apple's supplemental submission.  A declaration

United States District Court
For the Northern District of California

in support by Elizabeth M. Reilly argues that this information should be filed under seal because it reveals confidential financial relationships between the law firms, Apple and DiscoverReady, a third party vendor providing legal services.  The Court will not permit this information to be redacted, on identical reasoning as the Court's discussion of the motion to seal at docket number 344, above.  Apple's motion is denied.

Accordingly, the motion is DENIED (Docket No. 423).

| 426 | Plaintiff Linex Technologies seeks permission to file under seal materials regarding HP's and Apple's attorneys' fees and billing: Exhibits 2, 3, 4 and 5 to the Sanabria Declaration.  According to a declaration from Robert F. McCauley, submitted in support of its motion to seal, the exhibits contain confidential information from Apple.  Because Apple is the designating party, it is responsible for supporting the motion with a declaration establishing that the material is sealable.  Civ. L.R. 79-5(e).  Apple filed no such declaration, and accordingly, the request to file the material under seal will be denied.

Accordingly, the motion is DENIED (Docket No. 426). |

| 430 | Defendants Aruba, Meru and Ruckus seek |

permission to file under seal Exhibits A1-O1 to the
declaration of L. Scott Oliver, filed in support of
their addendum to their supplemental memorandum on
attorneys' fees.  In support of their motion to
seal, Defendants submit a declaration from L. Scott
Oliver, claiming that the exhibits reveal
information that would be harmful to Defendants
because it could provide insight into Defendants'
confidential case strategy, and confidential and
proprietary business and product information.
Exhibits A1-O1 are attorney billing statements.  As
with the motion filed under docket number 417,
above, the Court's review of Exhibits A1-O1 reveals
that many of the entries are commonplace attorney
services that provide no insight into legal
strategy.  The Court therefore finds that the motion
to seal is not narrowly tailored and denies the
motion on that basis.  The Court will modify the
otherwise-applicable procedure provided in Civil
Local Rule 79-5(f)(2) to permit Defendants to
resubmit their administrative motion with respect to
these Exhibits.  The Court grants Defendants seven
days from the date of this order to file their
resubmission.

    Accordingly, the motion is DENIED (Docket No.
430).

**United States District Court**
For the Northern District of California

Also pending is HP's and Apple's motion for in camera review. (Docket No. 419).  In their motion, HP and Apple ask the Court to review in camera four exhibits to Laura E. Muschamp's declaration and four exhibits to Elizabeth M. Reilly's declaration, both filed in support of HP's and Apple's supplemental submission in support of their attorneys' fees award.  Linex filed a response opposing the motion.

In their motion, HP and Apple argue that the exhibits, which they describe as "invoices and spreadsheets containing detailed attorney time entry information, which disclose HP's and Apple's confidential case strategies," are protected by the work product and attorney-client privileges.  HP and Apple then argue, "Where an award of attorneys' fees requires review of counsel's unredacted legal invoices, courts in the Ninth Circuit typically conduct this review in camera. . . ."  However, as Linex argues in its responsive brief, HP and Apple haven't proven the premise of their argument, namely, that the award of fees requires review of unredacted records.  Thus far, HP and Apple have provided only declarations providing hourly billing rates and total fees incurred by each law firm, information that is plainly inadequate to allow Linex to check the reasonableness of the claimed fees. It appears that HP and Apple made no effort to provide redacted billing statements.  Moreover, the Court is mindful that in camera review circumvents the adversarial process, removes Linex's opportunity to inspect HP's and Apple's justifications for their claimed fees, and shifts the burden of addressing reasonableness in the first instance from counsel to the Court.  For all of these reasons, the Court concludes that HP's and Apple's request for in

**United States District Court**
For the Northern District of California

1    camera review is inappropriate in this case, and denies their

2    motion.

3                             CONCLUSION

4         For the reasons set forth above, HP's administrative motion

5    to seal (Docket No. 344) is DENIED; Aruba's, Meru's and Ruckus's

6    administrative motion to seal (Docket No. 345) is DENIED in part

7    and GRANTED in part; Apple's administrative motion to seal (Docket

8    No. 346) is DENIED in part and GRANTED in part; Linex's

9    administrative motion to seal (Docket No. 375) is DENIED in part

10   and GRANTED in part; Aruba's, Meru's and Ruckus's administrative

11   motion to seal (Docket No. 381) is DENIED; Aruba's, Meru's and

12   Ruckus's administrative motion to seal (Docket No. 417) is DENIED;

13   HP's and Apple's administrative motion for in camera review

14   (Docket No. 419) is DENIED; HP's administrative motion to seal

15   (Docket No. 420) is DENIED in part and GRANTED in part; Apple's

16   administrative motion to seal (Docket No. 423) is DENIED; Linex's

17   administrative motion to seal (Docket No. 426) is DENIED; and

18   Aruba's, Meru's and Ruckus's administrative motion to seal (Docket

19   No. 430) is DENIED.

20        The parties shall refer to the District's Civil Local Rules

21   79-5(e)(2) and (f)(1)-(3) for additional instruction on their

22   options and responsibilities for the filing of further documents

23   in compliance with this Order.

24        IT IS SO ORDERED.

25   Dated:  December 8, 2014      _____

26                                 CLAUDIA WILKEN
                                   United States District Judge
27

28