IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINEX TECHNOLOGIES, INC., | No. C 13-159 CW |
| Plaintiff, | ORDER ON ADMINISTRATIVE MOTIONS TO SEAL |
| v. | |
| HEWLETT-PACKARD COMPANY; APPLE COMPUTER INC.; ARUBA NETWORKS, INC.; MERU NETWORKS, INC.; RUCKUS WIRELESS, | (Docket Nos. 438, 440, 446, 452, 458 and 466) |
| Defendants. | |

Before the Court are several administrative motions to seal. Pursuant to Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id. The documents sought to be filed under seal in this case are related to motions for attorneys' fees, a non-dispositive motion. A party seeking to seal materials related to non-dispositive motions must show good cause by making

a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. Id. at 1179-80; Fed. R. Civ. P. 26(c). "[B]road, conclusory allegations of potential harm" will not suffice. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

The Court now assesses each motion in turn.

| Docket No. | Ruling |
|---|---|
| 438 | Plaintiff Linex seeks permission to file under seal portions of its Opposition to Defendants Aruba, Meru and Ruckus's Supplemental Submissions on Attorneys' Fees and Exhibits 1-4 to the Ho Declaration filed in support of its Opposition. In support of its motion to seal, Linex states that the redacted portions of the Opposition brief and Exhibits 1-3 to the Ho Declaration contain information designated as confidential by Aruba, Meru and Ruckus and that Exhibit 4 to the Ho Declaration contains information from the American Intellectual Property Law Association (AIPLA).<br><br>The redacted portions of Linex's Opposition contain tabulations of attorney fees, hourly billing rates and quotations of specific billing entries, information designated by Aruba, Meru and Ruckus as confidential. Exhibits 1-3 to the Ho Declaration are tables prepared by Linex containing and categorizing billing entries from Aruba, Meru and |

Ruckus.  Aruba, Meru and Ruckus filed a declaration from Eric Rusnak in support of the motion to seal. Consistent with this Court's December 8, 2014 order on administrative motions to seal, and for the reasons explicated therein, Linex's motion is denied to the extent that the redacted information is hourly billing rates and calculations of total fees.

Some redacted excerpts from Linex's Opposition and Exhibits 1-3 to the Ho Declaration recite billing entries from Defendants' motion for fees. The Court's December 8, 2014 Order denied Defendants' motion to seal the documents containing those billing entries because their request was not narrowly tailored and permitted Defendants the opportunity to resubmit a motion to seal specific entries.  Defendants have since represented that they will refile unredacted versions of those documents.  (Docket No. 458).  Because Linex's motion is predicated on Defendants' claims of confidentiality which have since been abandoned, the Court denies Linex's motion with regard to those excerpts from the Opposition and Exhibits 1-3 to the Ho Declaration.

This leaves Exhibit 4, the AIPLA report, and portions of the Opposition that cite the AIPLA report.  Pursuant to this District's Local Rule 79-5(e), a party seeking leave to file a document

3

|   |   |
|---|---|
| | designated as confidential by a non-party must serve the declaration in support on the non-party and must file proof of service with the Court.  The docket does not reflect that service on AIPLA was accomplished.  Accordingly, the motion for leave to file this material under seal is denied for failure to comply with the local rules.  Because it appears that AIPLA, a non-party, may have an interest in keeping the report confidential, the Court will permit Linex to resubmit its administrative motion as to the report and information from the report and to serve AIPLA properly with notice of the motion. The Court grants Linex seven days from the date of this order to file its resubmission.  Thereafter, AIPLA will have an opportunity to file a declaration in support of sealing the document, pursuant to Civil Local Rule 79-5(e)(1).<br>    Accordingly, the motion is DENIED (Docket No. 438). |
| 440 | Plaintiff Linex seeks permission to file under seal portions of its Opposition to Defendants Apple and HP's Supplemental Submissions on Attorneys' Fees and Exhibits 1 and 2 to the Ho Declaration filed in support of its Opposition.  In support of its motion to seal, Linex states that the redacted portions of the Opposition brief and Exhibit 1 to the Ho Declaration contain information designated as |

4

confidential by Apple and HP and that Exhibit 2 to the Ho Declaration contains information from the AIPLA.

The redacted portions of Linex's Opposition contain tabulations of attorney fees, hourly billing rates and quotations of specific billing entries, information designated by Apple and HP as confidential.  Exhibit 1 to the Ho Declaration is Prucnal's expert report.  Apple filed a declaration from Elizabeth Reilly in support of the motion to seal these items.  Consistent with this Court's December 8, 2014 order on administrative motions to seal, and for the reasons explicated therein, Linex's motion is denied to the extent that the redacted information is hourly billing rates and calculations of total fees.  As explained in the Reilly Declaration, Exhibit 1 to the Ho Declaration is comprised of excerpts from expert reports from Prucnal and Acampora containing confidential business information.  The Court finds that the request to file this material under seal is narrowly tailored and that Exhibit 1 falls within the class of documents that may be filed under seal.  Accordingly, the motion is granted as to this material.

Exhibit 2 to the Ho Declaration is the AIPLA report; the Court denies the motion on identical

| | |
|---|---|
| | reasoning as the Court's discussion of the motion to seal the AIPLA report, above, but will permit Linex to resubmit its administrative motion as to the redactions of information from the AIPLA report and to serve AIPLA properly with notice of the motion. The Court grants Linex seven days from the date of this order to file its resubmission. Thereafter, AIPLA will have an opportunity to file a declaration in support of sealing the document, pursuant to Civil Local Rule 79-5(e)(1).<br><br>Accordingly, the motion is DENIED in part and GRANTED in part (Docket No. 440). |
| 446 | Defendants Aruba, Meru and Ruckus seek permission to file under seal portions of their Supplemental Memorandum on Attorneys' Fees and Exhibit P to the Oliver Declaration.  This motion is a resubmission following this Court's denial of a previous motion.  In support of their motion, Defendants filed a declaration from L. Scott Oliver, in which Oliver explains that the redacted information contains proprietary information published by AIPLA.  Pursuant to this District's Local Rule 79-5(e), a party seeking leave to file a document designated as confidential by a non-party must serve the declaration in support on the non-party and must file proof of service with the Court. Defendants filed a corrected certificate of service |

| | |
|---|---|
| | for the motion (Docket No. 454); however, the corrected certificate raises questions as to whether service was accomplished.  The corrected certificate states that service was accomplished by emailing a PDF of the document to the recipients, but then does not list an email address for the AIPLA.  The typical operation of the District's Local Rule would require that the material sought to be filed under seal be filed on the public record when a third party does not respond to notice of a motion to seal.  However the Court is not satisfied that service was actually accomplished, and thus the Court will not order the material to be publicly filed.  Instead, the Court will give Defendants one more chance to document service properly, to ensure that AIPLA has an opportunity to file documents with the Court in support of sealing its materials.  The Court grants Defendants seven days from the date of this order to file its resubmission.  Thereafter, AIPLA will have an opportunity to file a declaration in support of sealing the document, pursuant to Civil Local Rule 79-5(e)(1).<br>    Accordingly, the motion is DENIED (Docket No. 446). |
| 452 |     Plaintiff Linex seeks permission to file under seal portions of its Opposition to Defendants' Motion for Fees, as well as Exhibits G, L and M to |

7

the Ho Declaration, filed in support of its Opposition.  Linex states that Exhibits G and M contain information designated as confidential by HP and that Exhibit L contains information designated as confidential by Aruba, Meru and Ruckus.  Linex further states that the redactions on pages 1, 3, 6 and 7 of its Opposition contain information from the Pre-Hearing Brief from an International Trade Commission (ITC) investigation and is therefore subject to the protective order of that investigation.  Finally, redactions on pages 13, 15 and 16 contain information designated as confidential by all Defendants.

HP filed a declaration from Michael K. Plimack in support of sealing Exhibits G and M.  The Plimack Declaration states that Exhibits G and M contain information from confidential expert reports and confidential business information.  The Court finds that the request to file this material under seal is narrowly tailored and that the Exhibits fall within the class of documents that may be filed under seal. Accordingly, the motion is granted as to this material.

Aruba, Meru and Ruckus filed a declaration from L. Scott Oliver in support of sealing Exhibit L. The Oliver Declaration states that Exhibit L contains expert reports and confidential information

regarding Defendants' costs and licenses.  The Court finds that the request to file this material under seal is narrowly tailored and that the Exhibit falls within the class of documents that may be filed under seal.  Accordingly, the motion is granted as to this material.

Apple filed a declaration from Elizabeth M. Reilly in support of sealing the redacted excerpts on pages 1, 3, 6 and 7 of Linex's Opposition.  The Reilly Declaration explains that the information is from a report prepared for an ITC proceeding that prohibits public disclosure of the information.  The Court finds that the request to file this material under seal is narrowly tailored and that the excerpts fall within the class of materials that may be filed under seal.  Accordingly, the motion is granted as to this material.

Finally, the Opposition contains redactions on pages 10, 11, 13, 15 and 16 for which no party has filed a declaration in support of sealing.  However, the Court's review of the redactions shows that Linex's redactions cite to documents on the docket that are sealed pursuant to prior orders of the Court, for example expert reports filed at Docket Numbers 267-3 and 353, and information from the ITC proceeding.  The Court permits the material to be filed under seal for the same reasons as it cited in

| | |
|---|---|
| | previous orders allowing the sealing of the materials to which the redactions refer.     Accordingly, the motion is GRANTED (Docket No. 452). |
| 458 | Defendants Aruba, Meru and Ruckus seek to file several materials under seal.  First, they wish to file Exhibits J-O to the Oliver Declaration in support of their Supplemental Memorandum on Attorneys' fees and Exhibits J1-O1 to the Oliver Declaration in support of their Addendum to their Supplemental Memorandum.  Defendants argue that the exhibits should be filed under seal because they contain privileged and confidential information related to work performed on the defense of this case, as well as confidential information regarding disbursements to experts.  These exhibits are billing sheets for Defendants' attorneys.  The Court's review of the exhibits reveals that many of the entries are commonplace attorney services that provide no insight into legal strategy, privileged information or confidential information.  The Court therefore finds that the motion to seal is not narrowly tailored and denies the motion on that basis.  The Court will modify the otherwise-applicable procedure provided in Civil Local Rule 79-5(f)(2) to permit Defendants to resubmit their administrative motion with respect to these |

| | |
|---|---|
| | exhibits. The Court grants Defendants seven days from the date of this order to file their resubmission. |
| | Defendants also move to seal an excerpt found on page 3 of their Reply in support of their Motion for Attorneys' fees, on the grounds that it contains materials Linex has designated as confidential. Linex filed a declaration from Kenie Ho in support of sealing the excerpt on the grounds that it contains confidential information regarding a financial agreement with a third party. The Court finds that the redacted information is confidential and falls within the class of materials that may be filed under seal. Accordingly, the motion is granted as to this material. |
| | Accordingly, the motion is DENIED in part and GRANTED in part (Docket No. 458). |
| 466 | Defendant Apple seeks leave to file under seal excerpts on pages 7 and 8 from its Motion for Attorneys' Fees along with Exhibit 6 to the Declaration from Andrew L. Liao on the grounds that the materials are subject to a protective order from the ITC investigation. The Court grants the motion to seal with respect to these materials. |
| | Apple also seeks leave to file under seal excerpts from its motion found on pages 3, 4, 6 and 7 and Exhibit 2 to the Liao Declaration on the |

11

> grounds that Linex considers such information to be confidential. Linex filed a declaration from Kenie Ho; the Ho Declaration states that Exhibits 2 and 6 contain sensitive business information regarding Linex's patent prosecution. The Court finds that the information is confidential and falls within the class of materials that may be filed under seal. Accordingly, the motion is granted as to this material. The Ho Declaration does not speak to the redacted information on pages 3, 4, 6 and 7 of Apple's declaration. The Court accordingly denies Apple's motion to file that information under seal.
>
> Accordingly, the motion is DENIED in part and GRANTED in part (Docket No. 466).

## CONCLUSION

For the reasons set forth above, Linex's administrative motion to seal at Docket No. 438 is DENIED; Linex's administrative motion to seal at Docket No. 440 is DENIED in part and GRANTED in part; Aruba, Meru and Ruckus's administrative motion to seal at Docket No. 446 is DENIED; Linex's administrative motion to seal at Docket No. 452 is GRANTED; Aruba, Meru and Ruckus's administrative motion to seal at Docket No. 458 is DENIED in part and GRANTED in part and Apple's administrative motion to seal at Docket No. 466 is DENIED in part and GRANTED in part.

The parties shall refer to the District's Civil Local Rules 79-5(e)(2) and (f)(1)-(3) for additional instruction on their

options and responsibilities for the filing of further documents in compliance with this order.

IT IS SO ORDERED.

Dated: January 16, 2015



CLAUDIA WILKEN
United States District Judge

13